(45 Misc. 385)

## HEIDENHEIMER v. DANIEL.

(Supreme Court, Appellate Term. November 10, 1904.)

1. PLEADING—VERIFICATION—NAME AND ADDRESS.

Under Municipal Court Act, § 145, subd. 2 (Laws 1902, p. 1536, c. 580), requiring a verified answer if the complaint is verified, and Sup. Ct. Rule 2, applicable to the Municipal Court, directing that all papers served or filed must be indorsed or subscribed with the name of the attorney, or the name of the party, if he appears in person, and his office address or place of business, the omission of defendant to add to her verified answer her office address or place of business does not vitiate it.

Appeal from Municipal Court, Borough of Manhattan, Eleventh District.

Action by Belle I. Heidenheimer against Anna K. Daniel. From a judgment dismissing the complaint for failure of proof, plaintiff appeals. Affirmed.

Argued before FREEDMAN, P. J., and BISCHOFF and FITZGERALD, JJ.

M. A. Lesser, for appellant.

FREEDMAN, P. J. Upon May 23, 1904, the return day of the summons in this action, the plaintiff filed a verified complaint, and the defendant filed an answer denying all the allegations of the complaint, and signed by her as follows: "Anna K. Daniel, Defendant in person." This answer was verified by the defendant in the usual form. The cause was then adjourned until May 31, 1904, when the parties again appeared, the plaintiff by attorney, and the defendant in person, and the case was called for trial. The plaintiff's attorney at once moved for judgment for the plaintiff upon the pleadings. No grounds for such motion were specified, and the same was denied. Thereupon the plaintiff rested his case, and the court dismissed the complaint for failure of proof.

Upon this appeal the appellant claims that the omission of the defendant to add to her verified answer her office address or place of business rendered such answer invalid and void. In this he is in error. There is nothing in the Municipal Court act that supports such a contention. Section 145 of that act, subdivision 2 (Laws 1902, p. 1536, c. 580), provides that "in all cases where a written complaint, verified or unverified, is served with the summons, a written answer, verified, if the complaint be verified  *  *  *  must be filed and issue joined on the return day  *  *  *." Section 147 provides that "if the defendant fails to appear and answer, the plaintiff cannot recover without proving his case, except where the action is upon contract, express or implied and a copy of a verified complaint was served on defendant at the time of the service of the summons, judgment may be taken without further

proof." In this case, although the verified complaint was served with ·.
the summons, the defendant appeared and filed a written verified an-
swer. It is true that under section 20, Municipal Court Act (Laws
1902, p. 1496, c. 580), the provisions of the Code of Civil Procedure
and the rules and regulations of the Supreme Court are made applicable
to the Municipal Court, etc., and rule 2 of the general rules of practice
requires that "all papers served or filed must be indorsed or subscribed
with the name of the attorney, or the name of the party if he appears
in person, and his or their office address or place of business." It has
frequently been held, however, that such omission is mere irregularity,
and does not necessarily vitiate the paper or its service. Evans v.
Backer, 101 N. Y. 289, 4 N. E. 516. The plaintiff might have moved
to set aside the answer, specifying his grounds, and the same might then
have been amended without injustice to either party.

Judgment affirmed, with costs. All concur.