## New York Life Insurance Company v. Long.

(Decided October 30, 1917.)

### Appeal from Logan Circuit Court.

1. Insurance—Life Insurance—Action on Policy—Admissibility of Evidence—Application—Foreign Contracts.—Kentucky Statutes, section 679, providing that the application for insurance shall not be received in evidence or constitute a part of the policy or contract between the parties unless attached to the policy or printed therein, is confined to policies issued to persons within this state and does not apply to insurance contracts made in other states.

2. Insurance—Life Insurance—Pleading—Amended Answer—Abuse of Discretion.—In a suit on a life policy, the company pleaded the falsity and materiality of certain representations made in the application by the insured. A few days before the trial, it filed in the clerk's office with notice an amended answer, pleading that the contract sued on was made in Wyoming and that the statutes of that state did not require the application to be attached to the policy. The day before the trial a motion to file the amended answer was overruled. The trial then took place and the jury disagreed. After the disagreement, the motion to file the amended answer was renewed. Held, in view of the fact that the amended answer did not present a new defense but merely opened the way for the introduction of evidence necessary to establish the defense pleaded in the original answer and of the further fact that plaintiff would then have had plenty of time to reply to the amended answer and to investigate the merits of the defense therein relied on, the trial court's refusal to permit the amended answer to be filed was an abuse of discretion.

3. Insurance—Life Insurance—Pleading—Verification—Rejection.—A pleading otherwise proper and filed in time should not be rejected for mere want of verification.

BROWDER & BROWDER and BRUCE & BULLITT for appellant.

SAMUEL R. CREWDSON, TRIMBLE & BELL and SELDON Y. TRIMBLE for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Reversing.

On March 5, 1910, the New York Life Insurance Company issued to Anthony F. Long a policy insuring his life for $1,500.00, in favor of his mother, Dianah B. Long. Upon the death of the insured, which occurred about six months later, the company denied liability and this suit was brought by the beneficiary to recover on the policy. From a judgment in her favor, the company appeals.

The suit was brought on December 7, 1910. At the February term, 1911, of the circuit court where the action was pending, the company filed an answer alleging that the insured had falsely and fraudulently represented to its medical examiner that he had never used intoxicating liquors to excess, had not been connected with the manufacture and sale of intoxicating liquors, and had not been treated by a physician since 1895, whereas, in fact, the insured had been in the habit of consuming large quantities of intoxicating liquors, had been employed in connection with the manufacture and sale of intoxicating liquors, and had been treated for acute alcoholism since 1895, and, if the truth had been known, it would not have issued the policy in question. Other pleadings were then filed completing the issues. On September 5, 1911, and before the calling of the case for trial, the company filed in the clerk's office during vacation, an amended answer pleading in substance that the policy was a Wyoming contract, and the Wyoming laws did not require the application to be attached to the policy. Written notice of the filing of the amended answer was given to plaintiff's counsel. On September 27th, counsel for the company appeared in open court and asked leave to file the amended answer. Plaintiff objected to the motion and her objection was sustained. On the next day, a trial was had and the jury disagreed. At the same term of court, the company again tendered and asked leave to file an amended answer, but the motion was overruled. Thereafter the case was continued until February, 1913, when another trial was had before a jury, which was unable to agree on a verdict. The case was then continued from time to time until the May term, 1916, when the last trial was had. Thereupon the company offered evidence of the law of Wyoming and of the falsity and materiality of the representations made by the insured in his application. This evidence was rejected and the trial court then directed a verdict in favor of plaintiff.

The failure of the trial court to permit the amended answer to be filed, and to admit the offered evidence, is the principal ground relied on for a reversal. The solution of this question depends on whether the amended answer presented a defense and its rejection under the circumstances was an abuse of discretion on the part of the trial court.

1. Section 679, Kentucky Statutes, is in part as follows:

"All policies or certificates hereafter issued to persons within the Commonwealth of Kentucky by corporations transacting business therein under this law, which policies or certificates contain any reference to the application of the insured or the by-laws or rules of the corporation, either as forming part of the policy or contract between the parties thereto or as having any bearing on said contract, shall have such application, by-laws and rules, or the parts thereof relied upon as forming part of the policy or contract between the parties thereto, or as having any bearing on said contract, attached to the policy or certificate or printed on the face or reverse side thereof, and unless either so attached and accompanying the policy, or printed on the face or reverse side thereof, shall not be received as evidence in any action for the recovery of benefits provided by the policy or certificate, and shall not be considered a part of the policy or of the contract between the parties."

Not only is it the general rule that statutes such as that above will be construed as intended to affect only contracts made within the jurisdiction of the state enacting them, Mutual Life Insurance Co. v. Cohen, 179 U. S. 262, 45 L. Ed. 181, but the statute under consideration is restricted by its very terms to "all policies or certificates hereafter issued to persons within the Commonwealth of Kentucky." In the case of Johnson v. Mutual Life Insurance Co., 180 Mass. 407, 63 L. R. A. 833, the contract of insurance was made in New Hampshire, where the application was not required to be attached to the policy. Suit was brought in Massachusetts where the statute provided that "Every policy which contains a reference to the application of the insured, either as a part of the policy or as having any bearing thereon, must have attached thereto a correct copy of the application, and unless so attached the same shall not be considered a part of the policy or received in evidence." The court held that the Massachusetts statute was limited in its application to policies issued in that state and did not apply to a contract of insurance made in another state, and therefore concluded that the application which was not attached to the policy was propererly admitted. In discussing the question the court said:

"*Prima facie* the words 'every policy' in the proviso mean every policy of the kind under consideration in the principal clause, that is, policies issued in this Common-

wealth. . . . Primarily, the proviso regulates the making or form of the contract, not the mode in which it shall be proved. There is no room for doubt that that is its chief purpose, and that being so, there is no ground for extracting from it a rule of procedure broader than the rule of substantive law. . . . The applications which are forbidden to be received in evidence are those which are required by the Massachusetts law to be attached to the policy—no others. . . . It would be most unusual for a state to try to regulate the form of contracts made outside of its jurisdiction, not reaching into the jurisdiction in their operation, and not necessarily ever coming before its courts. . . . Massachusetts is not concerned with contracts in general made elsewhere. . . ."

There is no substantial difference between the Massachusetts statute and our statute. It is clear, therefore, that our statute has no extra-territorial effect and cannot be construed as applying to contracts of insurance made outside the state of Kentucky. For the same reason it follows that, if the contract in question was made in Wyoming and no statute of that state required the application to be attached to the policy, the company had the right to introduce the application in evidence and to show if possible the falsity and materiality of the representations therein contained, and the amended answer considered in connection with the original answer necessarily presented a defense to the action.

2. But it is contended that as the company knew the contract was made in Wyoming and showed no excuse for not having filed the amended answer sooner, there was no abuse of discretion on the part of the trial court in refusing to permit it to be filed. In view of the fact that a trial was to take place on the next day, there might be some merit in this contention if the court's refusal had been confined to the time when the amended answer was first tendered in open court. That trial, however, resulted in a disagreement by the jury. The amended answer did not present a new defense. It merely opened the way for the introduction of the evidence necessary to establish the defense pleaded in the original answer. After the disagreement of the jury the amended answer was again tendered. No immediate trial was to take place. The reason for its original rejection no longer existed. Plaintiff would then have had plenty of time to reply to the amended answer and to investigate

the merits of the defense therein relied on.  The mere fact that the amended answer was not verified was not sufficient to authorize its rejection.  The rule that a pleading may be disregarded or stricken from the record for want of verification without giving the pleader an opportunity to verify is no longer in force, the case of Parks v. McReynolds, 111 Ky. 651, 64 S. W. 517, announcing that doctrine having been expressly overruled. City of Dayton v. Hirth, 121 Ky. 42, 87 S. W. 1136.  The proper practice is to ask for a rule requiring the pleader to verify, and if he fails to do so, the pleading should be stricken from the record, but not until the rule to verify has been awarded and time given.  City of Dayton v. Hirth, *supra;* Wheeler v. Whales, 3 Bush 325; Baxter v. Knox, 31 S. W. 284, 17 Ky. Law Rep. 489; Payne v. Trigg, 41 S. W. 4, 19 Ky. Law Rep 801.  For a like reason we conclude that an amended answer, otherwise proper and filed in time, should not be rejected for want of verification until a rule has been awarded and the pleader given an opportunity to verify.  As the amended answer presented no new defense and the motion to file it was made after the first trial and at a time when plaintiff could not have been prejudiced thereby, we conclude that it was an abuse of discretion on the part of the trial court not to permit it to be filed.

Judgment reversed and cause remanded for a new trial consistent with this opinion.