THOMAS B. HANLEY, MARY LOU HANLEY, AND ANDREW GRANBY HANLEY, AN INFANT, APPELLANTS, *v.* ALMA JEAN TOBLER, AN INFANT BY BEN E. TOBLER, HER GUARDIAN AD LITEM, RESPONDENTS.

No. 3954

August 13, 1957                    313 P.2d 1110

*Ralph Morgali,* of Las Vegas, for Appellants.

*Michael L. Hines,* of Las Vegas, for Respondents.

## OPINION

By the Court, MERRILL, J.:

This is an appeal from a default judgment for property damages suffered by reason of an automobile collision. The driver of the car responsible for the injury

was appellant Andrew Granby Hanley, a minor. Summons in the action was served upon his parents, appellants Thomas B. Hanley and Mary Lou Hanley. After time for answer had expired a default was entered by the clerk of the court below against all three of the defendants. Two days later a motion was made on behalf of the defendants to vacate the defaults. In support of the motion an affidavit was filed setting forth the inadvertent miscalculation by the defendants of the time within which they had to answer. Hearing was had upon the motion and the motion was denied and thereafter judgment was entered by the court below in favor of the plaintiff and against all of the defendants for the sum of $633.42, together with attorneys fees, costs and disbursements in the sum of $213.60. This appeal is from the default judgment as so entered.

An appeal from a default judgment will lie as to determinations made by the trial court upon issues there raised and presented for its determination. Klepper v. Klepper, 51 Nev. 145, 271 P. 336. Upon this appeal it is asserted by appellants that the trial court was guilty of abuse of discretion in denying their motion to set aside entry of default. This was an issue raised by appellants in the court below and may, therefore, be reviewed by this court upon appeal from default judgment.

Rule 55 (c) NRCP provides "For good cause shown the court may set aside an entry of default * * *." It may be noted as to all appellants that the motion to vacate was made with promptness.

Appellant Andrew Granby Hanley asserts that the trial court was without personal jurisdiction over him in that he was not served with process. This assertion is fully supported by the record. This being so the default clearly should have been set aside as to him.

The cause of action against appellant Mary Lou Hanley is based upon her having signed her son's application as a minor for a state license to operate a motor

vehicle. NRS 483.300 provides that such applications by persons under 18 years shall be signed by either parent and further provides, "Any negligence or willful misconduct of a minor under the age of 18 years when driving a motor vehicle upon a highway shall be imputed to the person who has signed the application of such minor for a permit or license, which person shall be jointly and severally liable with such minor for any damages caused by such negligence or willful misconduct."

Liability of this appellant thus is based upon negligence of her son imputed to her. Respondent contends that under the statute her liability is both joint and several; that it was optional with respondent whether she sued both the son and mother or sued the mother alone; that having sued both, appellant Mary Lou Hanley was, nevertheless, liable severally. In support of her proposition respondent relies upon Bosse v. Marye, 80 Cal.App. 109, 250 P. 693.

In this case we are dealing with matters within the discretionary control of the trial judge. It would seem that so long as the son, named as a party to the action, is free in the action to try the issue of his negligence, liability of the mother should not, in all fairness, be established upon default and without regard to the outcome of the principal issue to be tried. Otherwise we might face the anomalous situation of a judgment against the mother on imputation of negligence which a judge or jury had found to be nonexistent. The default, therefore, should have been set aside as to this appellant.

Appellant Thomas B. Hanley asserts that the complaint does not state a claim against him upon which relief could be granted. This is clearly so. The only allegation with reference to this appellant contained in the complaint is that he is the owner of an automobile registered in the State of Nevada. A default in the answering of such an allegation can hardly warrant entry of judgment. The default should have been set aside to enable this appellant to assert his rights in an orderly manner.

We conclude that the trial court was guilty of abuse of discretion in denying the motions of these appellants to set aside entry of default.

Reversed and remanded with instructions that the entry of default be set aside and that these appellants as defendants be given time to answer or otherwise plead to the complaint on file.

BADT, C. J., and EATHER, J., concur.