A. EZRA GULL, Appellant, *v.*
BLAINE C. HOALST, Respondent.

No. 4315

February 10, 1961                                    359 P.2d 383

*E. R. Miller, Jr.,* of Ely, for Appellant.

*Vaughan and Hull,* of Elko, for Respondent.

## O P I N I O N

By the Court, BADT, C. J.:

This appeal attacks the validity of the entry of default made by the clerk, of the order for such entry made by the court, of the default judgment based thereon, and of the court's order denying defendant's motion to set aside and vacate the default and the default judgment. The record discloses such an array of mistakes, errors, misconceptions, and violations of the rules of civil procedure that the judgment and orders complained of must be reversed and the case remanded for further proceedings.

The second cause of action asserted in plaintiff's complaint alleged on information and belief that one Frazier conveyed his interest in certain mining claims adjoining the claims of plaintiff to appellant, to a named corporation, to a second named corporation, "or other Joe Doe corporations or individuals"; that such defendants "or some of them" so negligently operated such adjoining property that (1) a dam washed out, causing rubbish, tailings and trash to be washed over and upon plaintiff's

property, to his damage in the sum of $6,000; (2) that a spring was covered up and destroyed, to his damage in the sum of $500; (3) that a cabin on his property was damaged to the extent of $1,000; (4) that a dam on his property was washed out and a reservoir filled up, to his damage in the sum of $1,000; (5) that defendants' dam encroached on plaintiff's property to his damage in the sum of $1,000; (6) that the defendants in constructing their dam destroyed a road and right of way into plaintiff's property, to his damage to the extent of $1,000, or an aggregate damage of $10,500. Appellant was a resident of Utah and was never served with summons. However, he voluntarily appeared by filing a motion to dismiss on the ground that the complaint did not state a claim upon which relief could be granted.

We now enter upon the proceedings which are conceded by respondent to present "a procedural snarl." It must, however, be said in justice to said counsel that their first appearance in the matter was their resistance of the present appeal.

On motion of plaintiff the court set November 20, 1956 for the hearing of the motion to dismiss. On that day the clerk of the court entered appellant's default, reciting that it appeared that said defendant was in default for failure to plead or otherwise defend as required by law. The clerk's minutes of that date show that plaintiff's attorney appeared in court, moved for the entry of such default, and the court ordered such entry "upon the grounds that the said defendant having failed to appear or answer in the said matter and the time having expired for answering." The clerk's minutes of the following day, November 21, 1956 show the appearance of plaintiff and his attorney on "hearing of motion to enter default," and that such was the time set by the court "for the hearing of the motion in said action"; that the plaintiff was sworn and testified in support of his complaint; that the court ordered "that the defendant A. Ezra Gull having failed to appear or answer and the time having expired to answer or plead, the motion was ordered stricken, and that plaintiff recover $10,500 as prayed."

It is to be observed that appellant did not appear on November 20, 1956, the time fixed for the hearing of his motion to dismiss. No order was made at that time or at all granting or denying such motion to dismiss. In addition to the clerk's minutes of the order striking the motion to dismiss, the record discloses the court's findings of fact and conclusions of law dated November 21, 1956 erroneously reciting that appellant had been regularly served with process but reciting further his filing of a motion to dismiss and reciting the setting of the hearing thereof for November 20, and appellant's failure to appear for such hearing "and the court having ordered the motion stricken" and the default of appellant entered, it proceeded without further or any notice to hear the plaintiff and to render judgment. No notice of the motion to strike the motion to dismiss (and this court has repeatedly condemned the practice of a motion to strike a motion) was ever given and, as noted, no ruling was ever made on said defendant's motion to dismiss the complaint. No notice was ever given of the time set for hearing of the case after the entry of appellant's default.

The findings of fact, conclusions of law, and judgment by default, with notice of entry of judgment, were served on appellant December 13, 1956. Defendant served his notice of motion that on January 7, 1957 he would move for an order relieving him of the default and setting aside the default judgment, on the ground that the order striking his motion to dismiss and the entry of judgment against him were void. It was further based on appellant's affidavit reciting the proceedings above mentioned; that the motion to dismiss complied with the requirements of Rule 11 as to signing of pleadings; that there were good grounds to support the motion to dismiss, and that it was not interposed for delay; that he had been granted no time to file a responsive pleading under Rule 12 after the striking of his motion to dismiss; that he had received no notice, after the entry of his default, of the plaintiff's application for judgment under the provisions of Rule 55 (b) (2) ; and that he had a valid defense as more fully set forth in his proposed

answer submitted therewith. This motion was heard by Judge Wines who filed a written opinion and ruling denying the motion. The learned district judge noted: "The first impression is that the defendant makes out his case. [Adams & McGahey v. Neill, 58 N.M. 782, 276 P.2d 913], 51 A.L.R.2d 830. But apparently the default judgment was not entered pursuant to Rule 55(b)(2) but was entered after the presiding judge had ordered the defendant's pleading stricken in accordance with the terms of Rule 11. The record is not too clear on this point." The court then quotes Rule 11 referred to below. The court then referred to the striking of the motion to dismiss, the entry of the default, and the taking of testimony for the purpose of entering a judgment. He then noted: "This is proper because at the time the default was entered and judgment taken by default against defendant Gull he had not appeared in the action, *after having been served more than 20 days prior thereto.*"

The record is entirely bare of the slightest suggestion of any violation of Rule 11. In pertinent part such rule reads as follows: "The signature of an attorney constitutes a certificate by him that he has read the pleading; that to the best of his knowledge, information, and belief there is good ground to support it; and that it is not interposed for delay. If a pleading is not signed or is signed with intent to defeat the purpose of this rule, it may be stricken as sham and false and the action may proceed as though the pleading had not been served." The motion to dismiss was signed by defendant's attorney. The signature presumptively constituted the required certificate. It could not have been interposed for delay, as such defendant had never been served and time for appearance was not running against him. Nothing indicates that it was sham or false or intended to defeat the purpose of Rule 11. To the contrary, it appears from the record that said appellant desired to be informed concerning the plaintiff's allegations that the named and fictitious defendants "or some of them" had committed the acts complained of. And the proposed answer

submitted by appellant with his motion to vacate the default asserted in effect that he was not on the property and had nothing to do with it or its operation until after the occurrence of the events causing the alleged damage.

The following conclusions are unavoidable:

(1) There is nothing in the record to justify the application of Rule 11 to support the order striking the motion to dismiss. In addition, no notice of any such motion was given. Nor is there anything in the record to justify the conclusion of Judge Wines that Judge Rice based his order striking the motion to dismiss upon any violation of any provision of Rule 11. Further, respondent has not even indicated that he considers that Rule 11, entitled "Signing of Pleadings," has reference "to papers other than those described in Rule 7(a) entitled "Pleadings." "Motions and Other Papers" are provided for in rule 7(b).

(2) Under Rule 12(b), requiring all defenses, in law or fact, to be asserted in a responsive pleading, it is specifically provided in Rule 12(b)(5) that the defense of failure to state a claim upon which relief can be granted may be made by motion. Rule 12(a)(1) definitely provides that if the court denies a motion to dismiss, "the responsive pleading shall be served within ten days after notice of the court's action." Even if the unwarranted order striking without notice the motion to dismiss could be interpreted as an order denying the motion to dismiss, then the order for the defendant's default without an opportunity to file a responsive pleading within ten days after notice was in direct violation of this rule.

(3) Even if the default had been properly entered by the clerk on direction of the plaintiff, or pursuant to the order made by the court directing the entry of such default, the application to the court for judgment is required by the provisions of Rule 55(b)(2) to be based

upon a written notice of such application at least three days prior to the hearing thereof. The conducting of such hearing by the court, on the day following the entry of the default, without notice of any kind to the appellant, was a clear violation of this rule.

(4) Each of the two judges involved recited, apparently as forming some basis, or some part of the basis, for the orders in question, the fact that the defendant had been personally served. Such is not the case.

(5) It is unnecessary to enter into a discussion whether the order for the default or the judgment based on the default, or either of them, was void, voidable, erroneous, or irregular. See discussion in Annotation 51 A.L.R.2d 837. They were directly attacked in due time by a motion to set the same aside. For our purpose it is sufficient that the orders were in violation of the rules and clearly erroneous. This being so, the order denying appellant's motion to vacate such orders was likewise erroneous.

The judgment is reversed with costs and the case remanded to the district court with directions to vacate and set aside the default and the default judgment and to vacate and set aside the order denying the motion to vacate and set the same aside and to grant to appellant ten days from receipt of notice, or such further time as may seem proper, within which to file a responsive pleading (whether his answer as heretofore tendered or such other or further pleading as may be proper) and to take such further proceedings as are permitted or required under the rules of civil procedure.

PIKE and MCNAMEE, JJ., concur.