CECIL CHEEK AND VEDA F. CHEEK, APPELLANTS, *v.* ROY L. BELL AND SARAH E. BELL, HUSBAND AND WIFE, RESPONDENTS.

No. 4697

April 29, 1964　　　　　　　　391 P.2d 735

*Roy Lee Torvinen,* of Reno, for Appellants.

*Diehl & Recanzone,* of Fallon, for Respondents.

## OPINION

By the Court, McNamee, J.:

On March 25, 1963 respondents filed their complaint alleging that the appellants were maintaining a nuisance. They prayed for an injunction requiring appellants to remove from their premises a partially completed structure, rubbish, and second-hand building materials. They also asked that appellants be restrained from completing the unfinished structure thereon.

Cecil Cheek was personally served with summons in Churchill County on April 4, 1963. On April 18 both appellants filed an answer in proper person. The answer contained no acknowledgment and their address was not stated therein as required by NRCP 11. On the ex parte motion of respondents the answer was stricken and pursuant to order of the court the default of Cecil Cheek was entered on April 30, 1963. Thereafter, on May 7, 1963, the summons was served on Veda Cheek in Churchill County. On May 24, 1963 Veda Cheek filed an answer to the complaint in proper person which she verified and acknowledged, but failed to state her address therein. On ex parte motion of respondents the

court, on June 4, 1963, ordered stricken this answer also for failure to comply with said Rule 11 and directed that her default be entered. On June 25, 1963 the court signed its findings of fact and conclusions of law which recite that the case was regularly tried on that day, that respondents appeared through their attorneys, that the appellants did not appear, and that their default had been entered. The court found that all of the allegations of respondents' complaint were true. On July 9, 1963 judgment for respondents was entered in accordance with their prayer.

On August 12, 1963 appellants filed a motion for an order setting aside the judgment entered on July 9, 1963 and permitting them to file their answer. A copy of the proposed answer was served and filed with their notice of motion. The motion was based upon the affidavits of Cecil Cheek and Veda Cheek and upon the oral testimony of Cecil Cheek. It appears from the affidavits and testimony that neither appellant received notice of either ex parte motion until after the answers had been stricken, although Cecil Cheek did testify that he knew, prior to the time Veda Cheek's answer was filed, that something was wrong with the first answer. At the time of the hearing of the motion the parties stipulated that respondents' counsel knew the address of the appellants, that is, the location of their residence in Fallon. The motion to set aside the judgment was denied. Appeal is from the order denying the motion.

It is the position of respondents that where an acknowledgment and the address of a party who is not represented by an attorney is required, an unacknowledged answer which also lacks the address of the party must be treated as a nullity. Rule 11 does provide that if a pleading is not signed or is signed with intent to defeat the purpose of this rule it may be stricken as sham and false and the action may proceed as though the pleading had not been served.

Both the original joint answer of the appellants and the subsequent answer of Veda Cheek were signed. There is no evidence to show that the improper signing was done with intent to defeat the purpose of Rule 11.

In fact the opposite appears. Cecil Cheek testified that he and his wife were relying upon the advice of a California attorney who was not familiar with the Nevada rules of procedure.

The failure of the answers to contain the address of either appellant is a mere irregularity, capable of being waived, which does not vitiate either answer. Evans v. Backer, 101 N.Y. 289, 4 N.E. 516; Heidenheimer v. Daniel, 45 Misc. 385, 90 N.Y.S. 387. Particularly should this rule apply where the adverse parties knew the address of the appellants.

We feel likewise with respect to the failure of the first answer to contain an acknowledgment as required by said Rule 11. The absence of an acknowledgment is a mere defect in the pleading which is not jurisdictional. Cf. In re Sessions' Estate, 217 Ore. 340, 341 P.2d 512. Such omission furnishes a ground for a motion to strike or set aside the pleading. The adverse party cannot after receiving it without objection safely disregard the same and treat it as a nullity. Neither can the trial court disregard such a defective answer without affording an opportunity to the pleader to supply an acknowledgment. Cf. New York Life Ins. Co. v. Long, 177 Ky. 445, 197 S.W. 948; People v. Birch Securities Co., 86 Cal.App.2d 703, 196 P.2d 143. In other words, an answer defective with respect to the acknowledgment and address of the pleader should not be treated as a nullity unless the pleader is given an opportunity to correct the defect and fails to do so. Such opportunity should be given upon a motion to strike. Pence v. Durbin, 1 Idaho 550.

The order of April 30, 1963 striking the joint answer of the appellants and the order of June 4, 1963 striking the answer of Veda Cheek, both having been made on the oral ex parte motion of respondents' counsel without notice to either appellant, were erroneous. NRCP 5(a), 7(b)(1); cf. Gull v. Hoalst, 77 Nev. 54, 359 P.2d 383. It necessarily follows that the default judgment based on

said orders was also erroneous. For this reason the lower court should have granted the appellants' motion to set aside the judgment based upon the improperly entered defaults and afforded both defendants an opportunity to cure their defective pleading.

Reversed.

BADT, C. J., and THOMPSON, J., concur.