W. E. GREGERSON, PETITIONER, *v.* THE HONOR-ABLE JON R. COLLINS, ACTING JUDGE OF THE EIGHTH JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA, RESPONDENT.

No. 4825

October 27, 1964          396 P.2d 27

*Stanley W. Pierce,* of Las Vegas, for Petitioner.

*Ruymann, Hilbrecht & Jones,* of Las Vegas, for Respondent.

## OPINION

*Per Curiam:*

This is an original petition for a writ of review or in the alternative mandamus.

One Campregher filed a complaint in proper person against Gregerson in respondent court. It was verified but not acknowledged as required by NRCP 11. Gregerson moved for summary judgment because of this defect. Campregher then through counsel moved to amend his complaint.

The motion for summary judgment was denied. The motion for leave to file an amended complaint was granted.

It is petitioner's contention that when the original complaint was not acknowledged in accordance with Rule 11 the lower court should have stricken it as sham and false, and that the court had no jurisdiction to grant leave to file an amended complaint.

Rule 11 is not mandatory. It states that where the pleading is not signed in accordance with the rule it *may* be stricken.

In Cheek v. Bell, 80 Nev. 244, 391 P.2d 735, we held that the absence of an acknowledgment is a mere defect in the pleading which is not jurisdictional. We stated that the trial court could not disregard such a defective pleading without affording an opportunity to the pleader to supply an acknowledgment. "In other words, an answer defective with respect to the acknowledgment and address of the pleader should not be treated as a nullity unless the pleader is given an opportunity to correct the defect and fails to do so." Here, Campregher asked for an opportunity to correct the defect by his motion to amend the complaint, and the court properly granted this motion.

D.C.R. 30 provides that when a party appears in proper person and fails to acknowledge his pleading the court shall not recognize or give any effect to the pleading. No effect was given to the original complaint. Rule 30 has no application to the situations presented by either this case or Cheek v. Bell.

Petition dismissed.