INTERMOUNTAIN LUMBER AND BUILDERS SUPPLY, INC., A NEVADA CORPORATION, APPELLANT, v. GLENS FALLS INSURANCE COMPANY, A NEW YORK CORPORATION AUTHORIZED TO DO BUSINESS IN THE STATE OF NEVADA, RESPONDENT.

No. 5178

March 15, 1967                    424 P.2d 884

[Rehearing denied April 20, 1967]

*Stanley Pierce,* of Las Vegas, for Appellant.

*Singleton, DeLanoy & Jemison,* of Las Vegas, for Respondent.

**OPINION**

By the Court, THOMPSON, C. J.:

We are asked to review the discretionary refusal of the lower court to set aside an entry of default against the plaintiff, Intermountain Lumber, for failing to reply to the counterclaim of Glens Falls Insurance Company. Proof was offered on the counterclaim and judgment entered for Glens Falls in the amount of $85,000. This appeal is from that judgment.[1] Whether the entry of default should have been vacated raises an issue which we may review upon appeal from the default judgment. Hanley v. Tobler, 73 Nev. 214, 313 P.2d 1110 (1957).

This action was commenced on October 28, 1964. Within 20 days thereafter and before a responsive pleading was filed by the defendant, the plaintiff moved for summary judgment. This was permissible. NRCP 56(a). The defendant subsequently filed an answer and counterclaim. The plaintiff failed to reply thereto within 20 days, and on April 29, 1965, default was entered by the clerk. On that same day the court ruled on the plaintiff's motion for summary judgment, granting it as to liability, but reserving the matter of damages for trial. Thereafter, the plaintiff unsuccessfully moved to vacate the clerk's entry of default.

---

[1]The plaintiff Intermountain recovered a judgment against the defendant Glens Falls for $25,432 on its complaint for wrongful attachment, which amount, when offset against the defendant's default judgment, gives the defendant a net judgment of $56,606.96 plus costs. The plaintiff also appeals from the judgment in its favor of $25,432 claiming that it should have been for a greater amount. We decline to discuss this point other than to note that the damage award in plaintiff's favor rested upon conflicting evidence.

The plaintiff-appellant asks us to reverse for two reasons. First, the argument is made that the time within which to reply to the counterclaim was enlarged by reason of the plaintiff's pending motion for summary judgment. This argument rests upon the provisions of NRCP 12(a). Second, that "good cause" was shown for setting aside the entry of default, and that an abuse of discretion occurred when the trial court failed to do so. This contention rests upon NRCP 55(c). It is our judgment that neither contention is sound for the reasons hereafter expressed.

1. The relevant part of Rule 12(a) reads: "The plaintiff shall serve his reply to a counterclaim in the answer within 20 days after service of the answer * * *. The service of a motion permitted under this rule alters these periods of time as follows, unless a different time is fixed by order of the court: (1) If the court denies the motion or postpones its disposition until tried on the merits, the responsive pleading shall be served within 10 days after notice of the court's action; * * *." As already noted, the plaintiff's motion for summary judgment was filed before the defendant filed a responsive pleading and, therefore, cannot be deemed to have been directed to the issues raised by the counterclaim later filed. Moore v. Moore, 78 Nev. 186, 189, 370 P.2d 690 (1962). In this circumstance, the quoted proviso of Rule 12(a) is inoperative, and may not be relied upon to excuse the plaintiff's failure to reply to the counterclaim within 20 days after service. That provision enlarges the time within which to reply to a counterclaim only when a motion is pending which is directed to the issues raised by the counterclaim. Cf. Gull v. Hoalst, 77 Nev. 54, 359 P.2d 383 (1961). It is manifest that the plaintiff's default was not prematurely entered in this case.

2. Rule 55(c) provides that a court may set aside an entry of default "for good cause shown." Here, the motion to vacate was premised upon the mistake, inadvertence, surprise and excusable neglect of plaintiff's counsel—a ground for challenging a final judgment under Rule 60(b)(1). Though counsel may have mistakenly proceeded under an inappropriate rule in expressing his ground to vacate the entry of default, this does not work to his prejudice, since the phrase "good cause shown" in Rule 55(c) is broad in scope, and includes the "mistake, inadvertence, surprise and excusable neglect" referred to in Rule 60(b)(1).

Counsel's affidavit in support of the motion to vacate asserted that, upon receiving the answer and counterclaim, he had dictated a reply to his secretary; that she had failed to transcribe it; that his secretarial staff was inexperienced; and that he was terribly busy with the press of other matters. The showing does not necessarily establish mistake, surprise or inadvertence. It does suggest neglect. However, the lower court was not bound to declare such conduct excusable. Bryant v. Gibbs, 69 Nev. 167, 243 P.2d 1050 (1952); Guardia v. Guardia, 48 Nev. 230, 229 P. 386 (1924); Harper v. Mallory, 4 Nev. 447 (1868). Though we prefer to have a case resolved upon its merits (Howe v. Coldren, 4 Nev. 171 (1868); Hotel Last Frontier v. Frontier Properties, 79 Nev. 150, 380 P.2d 293 (1963)) such preference alone will not allow us to overrule an exercise of discretion below when the rules governing the vacation of a default have not been met. In the Hotel Last Frontier case, supra, where we reversed the refusal to set aside a default judgment, there was at least a presentation of facts showing that the aggrieved party and his counsel could reasonably assume that a default would not be taken. That showing was absent in Nevada Industrial Guaranty v. Sturgeon, 80 Nev. 254, 391 P.2d 862 (1964), and is absent here. Indeed, the opposite appears from the present record, since counsel for the defendant, early in the litigation, had notified plaintiff's counsel that usual courtesies would not be extended; that no quarter would be asked and none would be given. In our judgment it was permissible for the lower court to rule that neither inadvertence, mistake, surprise nor excusable neglect was shown.

Though the "good cause" contemplated by Rule 55(c) to vacate the entry of default may be somewhat broader in scope than the "mistake, inadvertence, surprise or excusable neglect" referred to in Rule 60(b)(1) for setting aside a default judgment, we are confident that it does not embrace inexcusable neglect.

Affirmed.

COLLINS and ZENOFF, JJ., concur.