DOROTHY TEHANSKY, APPELLANT, v. PEARLE WILSON AND FIRST NATIONAL BANK OF NEVADA, CO–EXECUTORS OF THE ESTATE OF ERIC RANDOLPH WILSON, DECEASED, RESPONDENTS.

No. 5266

June 2, 1967                              428 P.2d 375

*Peter Echeverria,* of Reno, for Appellant.

*Wait and Shamberger,* of Reno, for Respondents.

## OPINION

*Per Curiam:*

The main issue on this appeal is whether a defective pleading under DCR 30 and NRCP 11, requiring acknowledgment of a pleading in proper person, can be cured by a motion to amend under NRCP 15(a), notwithstanding that the motion was made after the statute of limitations had run under NRS 137.080.

The Appellant contends that despite the acknowledgment requirement as set forth in DCR 30 and NRCP 11, such provisions are subject to a motion to amend pursuant to NRCP 15(a). Appellant further contends that such motion should be given retroactive effect under NRCP 15(c) to the date of the original pleading, thus avoiding the statute of limitation violation under NRS 137.080. We agree.

The absence of an acknowledgment is a defect in the pleading which is not jurisdictional, but is merely a ground for a motion to strike or set aside the pleading. However, we have held that the trial court cannot disregard such a defective pleading without affording an opportunity to the pleader to supply an acknowledgment. Gregerson v. Collins, 80 Nev. 452, 396 P.2d 27, (1964); Cheek v. Bell, 80 Nev. 244, 391 P.2d 735 (1964).

In the instant case, the trial court denied the opportunity to amend on the grounds that the rule set forth in DCR 30 is mandatory, and since such defect was not cured prior to the running of the statute of limitations, NRCP 15(a) and NRCP 15(c) were inapplicable. This was error. In Weiler v. Ross, 80 Nev. 380, 395 P.2d 323 (1964), we stated, in holding that the running of the statute of limitations did not bar a creditor from amending his complaint under NRCP 15(a), that "the incorrect designation in the complaint of the defendant as special administrator when he was, in fact, the general administrator, was an inadvertance totally unrelated to the merits of the controversy between the creditor and estate, and without prejudice to the rights of either. In these circumstances we do not hesitate to declare that the trial judge should have permitted the amendment in the interest of justice."

We conclude that such reasoning applies to the instant case, and hence the amendment under NRCP 15(a) should have been allowed.

Reversed.