IRVING M. MOLEVER and H. L. DERRICKSON, INDIVID-UALLY AND DOING BUSINESS AS WHITE SHIELD NUTRITION CENTERS, APPELLANTS, v. A. W. BURTON and DAWN BURTON, RESPONDENTS.

No. 9306

June 28, 1978                                      580 P.2d 124

[Rehearing denied August 25, 1978]

*Lionel Sawyer & Collins,* of Las Vegas, for Appellants.

*Pursel & Pursel, Ltd.,* of Las Vegas, for Respondents.

## OPINION

*Per Curiam:*

We are requested to review a discretionary ruling of the district court denying defendants' motion to set aside entry of default and default judgment. That judgment restored plaintiffs to the ownership and possession of a health food store business, and ordered the payment of damages, attorney's fees and costs.

The fact-conflicts which emerge from a reading of the documents in support of and in opposition to the motion were resolved against the defendants. Consequently, it was permissible for the court to conclude that the defendants were not entitled to relief for mistake, inadvertence, surprise or excusable neglect. NRCP 60(b)(1); Intermountain Lumber v. Glens Falls, 83 Nev. 126, 424 P.2d 884 (1967).[1]

The defendants-appellants appeared to contend, alternatively, that the award of damages was improper in light of the rule approved in Kitchin v. Mori, 84 Nev. 181, 437 P.2d 865 (1968). they claim that as buyers of the health food store their payments upon the purchase price exceeded any damages sustained by plaintiffs-respondents, and that the plaintiffs-respondents were unjustly enriched by the judgment awarding damages. That contention was not tendered to the district court by the defendants-appellants whose burden it was to present it. Kitchin v. Mori, supra.

Affirmed.

---

[1] Counsel for appellants in this appeal were not their counsel when default was entered and judgment taken.