# IN THE SUPREME COURT OF THE STATE OF NEVADA

ABED BADER, AN INDIVIDUAL,
Appellant,
vs.
THE STOECKINGER FAMILY LMTD.
PARTNERSHIP,
Respondent.

No. 67516

**FILED**

MAR 1 8 2016

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is a pro se appeal from a district court default judgment in a real property contract action. Fifth Judicial District Court, Nye County; Kimberly A. Wanker, Judge.

Appellant asserts that the district court erred in granting a default judgment because (1) he was not properly served with the complaint and summons and the entry of default was or should have been set aside; (2) the receivership was procured by fraud; and (3) the prior judge entered an order refusing to set aside the default when he was disqualified from doing so. Having reviewed the record in light of appellant's contentions, we affirm.

First, although appellant asserts that he was not properly served with process because the address listed on the proof of service was that of his sister, the proof of service indicates that the summons and complaint were served personally on appellant at that address, and appellant's email to opposing counsel, dated the same day as service, indicates that appellant received the documents. This is sufficient evidence supporting the district court's decision that appellant was properly served, despite appellant's arguments to the contrary. *Radaker*

v. *Scott*, 109 Nev. 653, 657, 855 P.2d 1037, 1040 (1993) (explaining that we will not disturb the district court's factual determinations when supported by substantial evidence); NRCP 4(d)(6). Appellant failed to timely file an answer, NRCP 12(a)(1), and the district court did not abuse its discretion in concluding that his failure constituted inexcusable neglect and in consequently refusing to set aside the default, notwithstanding the court's failure to expressly vacate the November 2, 2012, order setting aside the default. *Intermountain Lumber & Builders Supply, Inc. v. Glens Falls Ins. Co.*, 83 Nev. 126, 130, 424 P.2d 884, 886 (1967); NRCP 55(c).

Second, no objection to the person appointed as receiver was made below or on any appeal from the order appointing a receiver, and thus, the issue is waived. *Maitia v. Allied Land & Live Stock Co.*, 49 Nev. 451, 461-65, 248 P. 893, 896-97 (1926) (explaining that orders appointing receivers must be immediately appealed under what is now NRAP 3A(b)(4) and cannot be challenged on appeal from the final judgment). And while appellant had an opportunity to challenge the amounts owed under the promissory notes at the prove-up hearing, it appears from the documents before us that he did not do so.[1]

Finally, appellant is correct that Judge Robert W. Lane should have recused himself before entering the interim order refusing to set aside the default, as appellant's counsel had filed for office as a candidate for his judgeship. *See Seeco, Inc. v. Hales*, 969 S.W.2d 193, 197 (Ark. 1998) ("[O]rdinarily, it is incumbent upon a sitting judge to recuse in cases where a political opponent is appearing as counsel."); NCJC 2.11(A).

---

[1]Although appellant filed a transcript request form on April 2, 2015, it appears that he did not serve the form on the court reporter, and no transcripts were filed in this court.

However, no motion to disqualify was filed, and the issues decided in that order were ultimately reconsidered by a different judge, who affirmed Judge Lane's decision. As a result, Judge Lane's failure to recuse does not render the order void or subject to reversal.

Based on the above conclusions,[2] we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Hardesty

_____, J.
Saitta

_____, J.
Pickering

cc:    Hon. Kimberly A. Wanker, District Judge
Abed Bader
Law Offices of P. Sterling Kerr
Nye County Clerk

---

[2]We have considered all of appellant's other arguments and conclude that they do not warrant reversal.