[L. A. No. 15170. In Bank.—July 23, 1935.]

THE STATE BAR OF CALIFORNIA (a Public Corporation), Petitioner, v. SUPERIOR COURT OF LOS ANGELES COUNTY et al., Respondents.

Philbrick McCoy and W. E. Simpson for Petitioner.

Everett W. Mattoon, County Counsel, and Fred M. Cross, Deputy County Counsel, for Respondents.

CURTIS, J.—Petitioner, The State Bar of California, sought by petition, supported by affidavits, filed in the Superior Court of Los Angeles County, to have Joseph Levy, H. W. Chapin and Sam Cantor declared in contempt of court. The order of contempt was sought upon the ground that by participating in the adjustment of the claims of one Wareham and one Comer for damages for personal injuries sustained by them in certain automobile accidents, they had committed several acts which constituted the practice of law without having been licensed as attorneys to practice law.

The superior court made an order dismissing said proceeding. The order dismissing the contempt recited that, "The court finds that the facts set forth in the 'Suggestions of the Special Committee of the State Bar' and affidavits attached thereto, in these entitled matters, do not contain certain facts sufficient to constitute contempt of court." Petitioner seeks in this court a writ of *mandamus* to compel the respondent superior court to exercise its jurisdiction and to determine, after a hearing, whether the acts set forth in the affidavits filed in support of the petition in the superior court constitute the practice of law and thereby constitute contempts of authority of the superior court within the meaning of subdivision 13 of section 1209 of the Code of Civil Procedure.

While we recognize the desirability of a determination by this court as to whether the facts set out in the affidavits

filed in support of the petition in the superior court constitute the practice of law and whether such acts which admittedly were not committed in the presence of a court nor with respect to any litigation or matter pending in any court constitute contempt of court, such a determination on our part would be futile. As we view the order dismissing the contempt, the superior court assumed jurisdiction and in the exercise thereof determined that the facts set forth in the affidavit were not sufficient to constitute contempt of court. Under these circumstances, the determination of the respondent court is final and may not be reviewed on mandate. Whether the ruling is erroneous is immaterial, for, since it is not the function of mandate to review error, conceding its existence, no relief can be had in the instant proceeding. (*Lapique* v. *Superior Court*, 24 Cal. App. 313, 314 [141 Pac. 223].) ■ Although mandate may be used to compel contempt proceedings where that is the only method by which the right of a party may be protected, where there is no particular party interested, the dismissal by the court or judge of a contempt proceeding is final and conclusive and beyond review by any other tribunal. (*People* v. *Latimer*, 160 Cal. 716 [117 Pac. 1051]; 5 Cal. Jur., p. 959.) It cannot be held that in this matter there is any *party* beneficially interested.

It is hereby ordered that said alternative writ of mandate be dismissed.

Langdon, J., Preston, J., Seawell, J., Shenk, J., and Waste, C. J., concurred.