JERRY L. ALLEY, Appellant, *v.* NEVADA REAL ESTATE DIVISION and NEVADA REAL ESTATE ADVISORY COMMISSION, Respondents.

No. 9157

March 15, 1978                                                575 P.2d 1334

*Carl F. Martillaro,* Carson City, for Appellant.

*Robert List,* Attorney General, and *James I. Barnes III,* Deputy Attorney General, Carson City, for Respondents.

## OPINION

By the Court, McDANIEL, D. J.:[1]

This is an appeal from a district court order affirming the decision of the Nevada Real Estate Division and its Advisory Commission to permanently revoke the real estate broker's license held by Jerry L. Alley.

We have previously determined that in reviewing an administrative board's decision this court, like the district court, is limited to the record presented below and to the determination of whether the board acted arbitrarily or capriciously. *See* Barnum v. Williams, 84 Nev. 37, 436 P.2d 219 (1968), and its progeny.

Here, the record of the administrative proceedings establishes, *inter alia,* that Alley had received a secret profit of $2,000 for himself, and others, by utilizing a "double escrow" scheme.[2]

In a "double escrow," the broker or salesman purchases a principal's property in the first escrow, and sells it to a third party at a profit in a second escrow without a full disclosure to both the principal and the third party. The escrows close at the same time and the broker or salesman thereby uses the proceeds from the sale in the second escrow to purchase his principal's property. The broker or salesman receives a commission

---

[1]The Governor designated the Honorable Joseph O. McDaniel, Judge of the Fourth Judicial District, to sit in the place of the HONORABLE NOEL E. MANOUKIAN, Justice, who was disqualified. Nev. Const. Article 6, § 4.

[2]Specifically, the Commission found Alley's conduct to be in violation of NRS 645.630(1), (9) and (16); certain Rules and Regulations of the Commission; and, portions of the Real Estate Code of Ethics.

on the sale in the first escrow and a secret profit on the closing in the second escrow.

Such schemes were denounced in Holland Rlty. v. Nev. Real Est. Comm'n, 84 Nev. 91, 98, 436 P.2d 422, 426 (1968), where this court said:

> A broker when pursuing his own interest cannot ignore those of his principal and will not "be permitted to enjoy the fruits of an advantage taken of a fiduciary relationship, whose dominant characteristic is the confidence reposed by one in another." [Citation omitted.]
>
> The law does not allow the agent who also has a right to purchase to wait until someone makes an offer of an amount in excess of the agreed purchase price and then elect to purchase the property at the lesser price without informing the owner of the higher offer, and, after the agent has obtained the consent from the owner to buy the property, then immediately sell it for the higher price as his own property.

The administrative determination to permanently revoke Alley's license finds ample support in the record; thus, we perceive neither an abuse of discretion nor conduct that could be considered arbitrary or capricious. Accordingly, we affirm the order of the district court.

BATJER, C. J., and MOWBRAY, THOMPSON, and GUNDERSON, JJ., concur.