ROBERT B. FELDMAN AND ALL RISK INSURANCE AGENCY, INC., APPELLANTS AND CROSS-RESPONDENTS, *v.* THE STATE OF NEVADA, DICK L. ROTTMAN, COMMISSIONER, DIVISION OF INSURANCE, DEPARTMENT OF COMMERCE, RESPONDENT AND CROSS-APPELLANT.

No. 10773

July 29, 1980                                    615 P.2d 238

*Wiener, Goldwater, Waldman & Gordon,* Las Vegas, for Appellants and Cross-Respondents.

*Richard Bryan,* Attorney General, *Wayne D. Wilson,* Deputy Attorney General, Carson City, for Respondent and Cross-Appellant.

## OPINION

By the Court, BATJER, J.:

Upon review, the district court affirmed that part of an order of the Division of Insurance, respondent and cross-appellant, hereinafter referred to as the "division", holding that the service fee charged by appellants was illegal, and reversed that part of the order revoking appellants' insurance license and requiring appellants to refund "service charges" collected prior to December 22, 1977. Robert B. Feldman and All Risk Insurance Agency, Inc., hereinafter referred to as "Feldman", now appeal the district court's ruling that the fee is illegal. The division appeals from the reversal of its penalty orders.

Feldman is president of All Risk, and was also licensed as an insurance broker. The agency specializes in obtaining auto insurance for high risk customers.

In late 1976, Feldman decided that the extra expense of performing his specialized services, such as driving record searches, accounting and clerical work, justified and necessitated an "initial customer service fee" of $25.00. Sometime before October 29, 1976, Feldman informed the division of his intention to charge the "customer service fee". After a series of correspondence with the division, Feldman was notified that the fee was not to be charged until it was approved. Feldman answered the following day, by letter, that in his opinion the fee was legal, that he intended to charge it, and if the division objected, it could summon him to a hearing. Counsel for the division answered Feldman's letter and stated that the fee was illegal. Feldman replied shortly, by letter, that he "did not agree", and implied that he would nevertheless charge the fee.

On November 5, 1976, Feldman began to charge each new customer $25.00 upon application for insurance. The fee was charged as a condition to Feldman's beginning the process of searching for and obtaining an insurance policy. He requested each customer to sign a statement which explicitly revealed the fee, the reason for it, and its nature. The statement also made clear that the fee was not for premiums to be paid to an insurance company, but a charge to be kept by the agency as a service fee.

The division summoned Feldman to a hearing, after which the examiner ruled the fee was illegal under NRS 686A.230, and found that Feldman had "willfully", consciously and voluntarily violated NRS 686A.230. He ordered Feldman to return the fees collected and revoked the license of Feldman and All Risk.

The district court, reviewing the division's order, affirmed the ruling that the charge was illegal, but reversed the orders that Feldman return the fees and that the license be revoked, "as being an unduly harsh and unjustified penalty under the circumstances and in view of [appellants'] good faith".

Feldman contends that the "service fee" is not prohibited by NRS 686A.230(1)(2), nor by NRS 686A.210.[1] The division and

---

[1] NRS 686A.230:

1. No person shall willfully collect any sum as premium or charge for insurance, which insurance is not then provided or is not in due course to be provided (subject to acceptance of the risk by the insurer) by an insurance policy issued by an insurer as authorized by this code.

2. No person shall willfully collect as premium or charge for insurance any

*the district court both found this contention to be in error when* NRS 686A.230(1)(2) is read in conjunction with NRS 687B.030(1).[2]

A strained and isolated reading of NRS 686A.230(1)(2) might support appellants' position,[3] but when read with NRS 687B.030, it is clear and explicit that any charge for procuring insurance above the authorized premium is prohibited.

In support of his position, Feldman relies on Coro Brokerage, Inc. v. Rickard, 148 A.2d 817 (N.J. 1959), which held that a service fee similar to the one charged by him was legal. In that case, the New Jersey Supreme Court held that, "A payment for such services does not come within the term 'premium' [as used in the New Jersey statute], and therefore is not prohibited by that section." This is not so in Nevada, where the word "premium" specifically includes "service" or similar fee or other charge in consideration for an insurance contract or procurement. NRS 687B.030.

---

sum in excess of the premium or charge applicable to such insurance and as specified in the policy, in accordance with the applicable classifications and rates as filed with and approved by the commissioner; or, in cases where classifications, premiums or rates are not required by this code to be so filed and approved, such premiums and charges shall not be in excess of those specified in the policy and as fixed by the insurer.

NRS 686A.210:

No mortgagee, lessor, vendor or other person whose interest is insured under an insurance policy paid for by another shall make, receive or accept any monetary charge or fee paid or payable by such other person, for handling, servicing or processing the insurance policy, or endorsements thereon or cancellation thereof.

[2]NRS 687B.030:

1. As used in this code, "premium" is the consideration for insurance, by whatever name called. Any "assessment," or any "membership," "policy," "survey," "inspection," "service" or similar fee or other charge in consideration for an insurance contract or procurement thereof is part of the premium.

[3]The legislative counsel, in a letter dated January 13, 1978, pursuant to NRS 218.695(2), in response to the following request by a member of the Legislature:

". . . whether an insurance agent who makes an independent investigation of applicants for insurance, to determine whether insurance can be obtained for the applicant at all and if so from what insurer, may lawfully make a separate charge for this service,"

replied:

"[I]t is my opinion that NRS 686A.230 does not generally prohibit a service charge by a person independent of the insurer, and that therefore a charge of the kind described in the first paragraph of this letter may lawfully be made."

▮▮▮▮▮▮

Feldman further contends that the Commerce Clause of the Constitution of the United States precludes the Nevada Legislature from prohibiting the questioned fee because it is not part of the relationship between the insurance company and the customer, and is therefore not "the business of insurance" which the state may regulate under the McCarran-Ferguson Act (15 U.S.C. §§ 1011–1015). This argument is unsupported in the law and without merit. The purpose of the McCarran-Ferguson Act is to allow the states to regulate interstate commerce between insurance companies of one state and customers of another state. S.E.C. v. National Securities, Inc., 393 U.S. 453 (1969), makes it clear that the intention of the McCarran-Ferguson Act is to allow the states to regulate "directly or indirectly" such relationship.

Without citing any relevant supporting authority, Feldman contends, for the first time in this appeal, that the statutory scheme precluding his "service charge", in particular NRS 686A.230, violates the due process clause of the Fifth Amendment of the United States Constitution and Article I, Section 8, of the Nevada Constitution, as well as the "Contract Clause", Article I, Section 10, of the United States Constitution and Article I, Section 15, of the Nevada Constitution.

▮▮▮▮▮▮

Although Feldman made an attempt to raise certain constitutional issues in the district court, those issues bear no resemblance to those which he attempts to raise on appeal. Having failed to raise those contentions below, we will not consider them here. Central Bank v. Baldwin, 94 Nev. 581, 583 P.2d 1087 (1978). Furthermore, those constitutional issues which Feldman now attempts to raise are not supported by any relevant authority, and for that additional reason they will not be considered. Gilbert v. Warren, 95 Nev. 296, 594 P.2d 696 (1979); D'Atri v. Vignalats, 92 Nev. 748, 557 P.2d 272 (1976); Holland Livestock Ranch v. B & C Enterprises, 92 Nev. 473, 553 P.2d 950 (1976); General Electric Co. v. Bush, 88 Nev. 360, 498 P.2d 366 (1972). We find no infirmities in the statutory scheme precluding Feldman from assessing a "service charge" and affirm the part of the judgment declaring the relevant statutes to be valid.

### CROSS–APPEAL

In its cross-appeal, the division contends that the district court erred in reversing its order to return the service fees. This contention is valid.

Since the "service fees" were procured without authority, Feldman is not entitled to retain them. Moreover, allowing him to retain the fees would encourage noncompliance with the division's rulings and grant a windfall to Feldman simply because he defiantly charged the unauthorized fee after directions from the division not to do so. Consequently, the division's order to return the fees was justified and valid. Kostika v. Cuomo, 363 N.E.2d 568 (N.Y. 1977). The examiner did not abuse his discretion or controvert the evidence (NRS 683A.450(1)(b)), and as a matter of law, the district court erred in reversing the division's order. NRS 233B.140(5).

On the other hand, that part of the judgment of the district court reversing the division's order revoking Feldman's license is affirmed.

Although there is no doubt that Feldman "willfully" violated NRS 686A.230, Air Transport Associates v. C.A.B., 199 F.2d 181 (D.C. Cir. 1952), cert. denied 344 U.S. 922 (1953); Hughes v. S.E.C., 174 F.2d 969 (D.C. Cir. 1949), he was not devious or dishonest about the fee with either the division or the customers, and dishonesty, rather than defiance, is generally the cause for license revocation. Alley v. Nevada Real Estate Division, 94 Nev. 123, 575 P.2d 1334 (1978); Randono v. Nevada Real Estate Division, 79 Nev. 132, 379 P.2d 537 (1963); see Laman v. Nevada Real Estate Adv. Comm'n, 95 Nev. 50, 589 P.2d 166 (1979).

The division's reliance upon Kostika, 363 N.E.2d 568 and Alley, 94 Nev. 123, are somewhat misplaced because in each of those cases the real estate broker acted in a surreptitious manner concealing facts from the clients as well as the regulatory offices. Here, Feldman, although defiant toward the division, was forthright in his dealings with his clients and was not surreptitious in his actions toward the division.

Although the district court's finding that Feldman acted in "good faith" may be somewhat infirm, there exists enough ambiguity in NRS 686A.230 (as evidenced by the legislative counsel's interpretation) to support the district court's reversal of the license revocation "as being an unduly harsh and unjustified penalty under the circumstances".

Here, neither the district court nor this court is substituting its judgment for that of the division as to the weight of any evidence on questions of fact, but because of the unsettled meaning of NRS 686A.230, we view the action of the division in revoking the license as an unwarranted exercise of discretion

under the circumstances. NRS 233B.140(5)(f).[4] *Cf.* Flanders v. State Dep't of Commerce, 87 Nev. 303, 486 P.2d 499 (1971) (technical violations did not support revocation).

This case is remanded for disposition consistent with this opinion.

MOWBRAY, C. J., and THOMPSON, GUNDERSON, and MANOUKIAN, JJ., concur.

[4]NRS 233B.140:

. . . .

5.  The court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact. The court may affirm the decision of the agency or remand the case for further proceedings. The court may reverse or modify the decision if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions or decisions are:

. . . .

(f) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.