HAROLD A. FAGIN, APPELLANT, v.
RUTH V. FAGIN, RESPONDENT.

No. 7936

December 19, 1975          544 P.2d 415

*Steffens & Simmons,* and *Gerald W. Hardcastle,* of Las Vegas, for Appellant.*

*George Rudiak,* of Las Vegas, for Respondent.

## OPINION

By the Court, ZENOFF, J.:

Harold Fagin moved from Scarsdale, New York, to Las Vegas in January 1973 and six weeks later commenced divorce proceedings against his wife, Ruth, to whom he had been married for 36 years. When apprised of the divorce proceedings by her brother-in-law, Ruth contacted a New York attorney who advised her that so long as she avoided service of process, the Nevada courts would be without jurisdiction to entertain her husband's action. Ruth thereupon successfully thwarted two attempts at personal service by misleading the process server.

---

*Present counsel did not represent Mr. Fagin in the original divorce proceedings.

Failing to obtain personal service on his spouse, Harold commenced service by publication pursuant to the provisions of NRCP 4(e)(1)(iii). The first publication occurred on April 5, 1973, and on April 6, copies of the summons and complaint were mailed to Ruth. She refused to accept the envelope and it was returned to Harold's attorney. A default divorce decree was entered May 24, 1973, but it was defective for having been entered one day before the expiration of the 20-day period required by the rule.[1]

Shortly thereafter Harold remarried. Within six months, as provided in NRCP 60(b) and (c),[2] Ruth moved to vacate the

---

[1]NRCP 4(e)(1)(iii): Publication. The order shall direct the publication to be made in a newspaper, to be designated by the court or judge thereof, for a period of four weeks, and at least once a week during said time. In case of publication, where the residence of a nonresident or absent defendant is known the court or judge shall also direct a copy of the summons and complaint to be deposited in the post office, directed to the person to be served at his place of residence. When publication is ordered, personal service of a copy of the summons and complaint, out of the state, shall be equivalent to completed service by publication and deposit in the post office, and the person so served shall have twenty days after said service to appear and answer or otherwise plead. The service of summons shall be deemed complete in cases of publication at the expiration of four weeks from the first publication, and in cases when a deposit of a copy of the summons and complaint in the post office is also required, at the expiration of four weeks from such deposit.

[2]NRCP 60:

. . .

(b) Mistakes: Inadvertence; Excusable Neglect; Fraud, Etc. On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) fraud, misrepresentation or other misconduct of an adverse party which would have theretofore justified a court in sustaining a collateral attack upon the judgment; (3) the judgment is void; or, (4) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that an injunction should have prospective application. The motion shall be made within a reasonable time, and for reasons (1) and (2) not more than six months after the judgment, order, or proceeding was entered or taken. A motion under this subdivision (b) does not affect the finality of a judgment or suspend its operation. This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order, or proceeding, or to set aside a judgment for fraud upon the court. The procedure for obtaining any relief from a judgment shall be by motion as prescribed in these rules or by an independent action.

(c) Default Judgments: Defendant Not Personally Served. When a

default and decree and sought leave to file an answer to the complaint on the grounds that the judgment was voidable for lack of perfected service of process and that she should be relieved therefrom on the basis of mistake, inadvertence or excusable neglect. The motion was granted.

On this appeal, Harold contends that Ruth should be estopped from denying personal service for the reason that she avoided service by deceitful means and that the reason for her nonappearance and the consequent entry of default does not fall within the ambit of mistake, inadvertence or excusable neglect as contemplated by NRCP 60(b). In essence, Harold urges reversal on the ground that the lower court abused its discretion in setting aside the default and vacating the divorce decree.

After Ruth had been told of the divorce proceedings and had obtained the advice of counsel, Harold's attorney contacted the sheriff of Westchester County and requested that Ruth be personally served with the summons and complaint. Twice, a deputy sheriff, with process in hand, was sent to Ruth's residence. On both occasions, Ruth confronted the deputy and denied her own identity claiming instead to be a sister of Ruth. When asked by the deputy as to "Ruth's" whereabouts, the "sister" replied that she was in Florida at an unknown address. Because the summons and complaint were never delivered to Ruth, she was not served in technical compliance with NRCP 4(e)(2).

We condemn the deceitful means by which Ruth avoided personal service of process but we must refrain from considering that question and cases concerned with it.[3] Our restraint is occasioned by the realization that irrespective of whether we

---

default judgment shall have been taken against any party who was not personally served with summons and complaint, either in the State of Nevada or in any other jurisdiction, and who has not entered his general appearance in the action, the court, after notice to the adverse party, upon motion made within six months from the date of rendition of such judgment may vacate such judgment and allow the party or his legal representatives to answer to the merits of the original action. When, however, a party has been personally served with summons and complaint, either in the State of Nevada or in any other jurisdiction, he must make his application to be relieved from a default, a judgment, an order, or other proceeding taken against him, or for permission to file his answer, in accordance with the provisions of subdivision (b) of this rule.

[3]Schenkman v. Schenkman, 136 N.Y.S.2d 405 (S.Ct. 1954); Kenworthy v. Van Zandt, 337 N.Y.S.2d 481 (Civ.Ct. 1972); State v. Olsen,

regard Ruth as being personally served, it was still within the discretion of the lower court to set aside the default under NRCP 60(b). As we have ruled many times previously, the discretion enjoyed by the trial court in setting aside default judgments is broad and such determinations will not be disturbed on appeal in the absence of clear abuse of discretion. Bowman v. Bowman, 47 Nev. 207, 217 P. 1102 (1923); Hotel Last Frontier Corp. v. Frontier Prop., 79 Nev. 150, 380 P.2d 293 (1963); Johnston, Inc. v. Weinstein, 88 Nev. 7, 492 P.2d 616 (1972). An order setting aside a default judgment will not be reversed except in extreme cases. Howe v. Coldren, 4 Nev. 171 (1868).

The policy underlying the vestiture of such broad discretion in the lower court was articulated in Hotel Last Frontier Corp. v. Frontier Prop., supra, 79 Nev. at 155–56, 380 P.2d at 295:

> [T]he basic underlying policy [is] to have each case decided on its merits. In the normal course of events, justice is best served by such a policy. Because of this policy, the general observation may be made that an appellate court is more likely to affirm a lower court ruling *setting aside* a default judgment than it is to affirm a *refusal* to do so. In the former case a trial upon the merits is assured, whereas in the latter it is denied forever. (Emphasis is that of the court.)

Ruth suffered from severe rheumatoidal arthritis which limited her activities and confined her largely to her household. She was distressed by the fact that her husband of 36 years had left her and initiated divorce proceedings in a state approximately 2,000 miles distant. These facts, combined with Ruth's innocence in litigious affairs and her misguided adherence to the advice of her attorney, were undoubtedly considered by the lower court in concluding that the default should be set aside. Under such circumstances, we do not perceive an abuse of discretion of the magnitude necessary to justify reversal.

Issues of attorneys' fees, support, maintenance, court costs and related questions will be determined by the trial court.

Affirmed.

GUNDERSON, C. J., and BATJER, MOWBRAY, and THOMPSON, JJ., concur.

---

154 N.W.2d 825 (Minn. 1967); Nielson v. Braland, 119 N.W.2d 737 (Minn. 1963); Hickey v. Merrit, 197 S.E.2d 833 (Ga.App. 1973); Trujillo v. Trujillo, 162 P.2d 640 (Cal.App. 1945).