# TAHOE VILLAGE REALTY, S.A.W. CO., FERDIE SIEVERS, LEONARD J. WYKOFF, JERRY L. ALLEY, Appellants, v. HECTOR DeSMIT, and BETTY E. DeSMIT, Husband and Wife, Respondents.

No. 10324

February 21, 1979                                    590 P.2d 1158

*Carl F. Martillaro,* Carson City, for Appellants.

*Jaquette & Kilpatrick,* Carson City, for Respondents.

## OPINION

By the Court, GABRIELLI, D. J.:[1]

On February 12, 1976, respondents Hector and Betty De-Smet commenced this action alleging that appellants had engaged in fraud and deceit in the sale of certain real estate. Appellants' prior counsel withdrew on May 11, 1976, without having filed a responsive pleading. On June 8, 1976, a default judgment was entered against appellants Wykoff, Tahoe Village Realty and S.A.W. Co. On August 26, 1976, a default judgment was entered against appellants Sievers and Alley.

Appellants Wykoff, Alley and Sievers all contacted their substitute, and present, counsel for the first time on September 13, 1976. Appellants moved to set aside the default judgment on December 7, 1976. Their motion was denied on April 22, 1977, and an appeal therefrom dismissed by this court without prejudice on July 13, 1977.

On August 26, 1977, judgment was entered against appellants jointly and severally for $3,150 in compensatory damages and $15,000 in punitive damages. Appellants now seek reversal of this judgment contending (1) the district court abused its discretion in refusing to set aside the default judgment, and (2) the district court erred in awarding punitive damages.

1.  Appellants argue that an abuse of discretion occurred in the district court's refusal to set aside the defaults because their "neglect was excusable and not in bad faith." In support of this argument appellants contend that the evidence shows (a) they mistakenly believed that a responsive pleading had been timely filed; (b) they promptly attempted to have the default set aside; and, (c) they had a meritorious defense to the suit and raised this by affidavit in support of the motion to set aside the default. They also contend that their attorney's failure to file a responsive pleading should not be imputed to them.

NRCP 55(c) provides that "[f]or good cause shown the court may set aside an entry of default. . . ." Here, appellants' motion to set aside the default judgment was premised upon

---

[1]The Governor designated the Honorable John E. Gabrielli, Judge of the Second Judicial District, to sit in the place of THE HONORABLE NOEL E. MANOUKIAN, Justice, who was disqualified. Nev. Const. art. 6, § 4.

excusable neglect, a ground for challenging a final judgment under NRCP 60(b)(1).[2]

> Though counsel may have mistakenly proceeded under an inappropriate rule in expressing his ground to vacate the entry of default, this does not work to his prejudice, since the phrase "good cause shown" in Rule 55(c) is broad in scope, and includes the "mistake, inadvertence, surprise and excusable neglect" referred to in Rule 60(b)(1).

Intermountain Lumber v. Glens Falls, 83 Nev. 126, 129, 424 P.2d 884, 886 (1967).

No attempt has been made by appellants to establish that the failure to file an answer resulted from mistake, inadvertence, surprise or excusable neglect on the part of counsel. Though this conduct may suggest neglect, the district court was not bound to declare it excusable. Intermountain Lumber v. Glens Falls, *supra,* and cases cited therein.

Even if appellants' delay were considered excusable, their affidavit and answer fail to set out a meritorious defense to respondents' claim of fraud. Their defense consists of an alleged disclosure to respondents that S.A.W. Co., an investment company composed of appellants Sievers, Alley and Wykoff, was the seller. However, appellants did not disclose, nor do they now deny, that had the transaction gone through as planned, they would have made a secret profit of $2,000. Moreover, as licensed real estate agents, appellants were prohibited from engaging in a "double escrow" transaction. *See* Alley v. Nevada Real Estate Div. 94 Nev. 123, 575 P.2d 1334 (1978).

Appellants' only remaining argument is that their attorney's nonfeasance should not be imputed to them. We have previously considered and resolved this issue: "It is a general rule that the negligence of an attorney is imputable to his client, and that the latter cannot be relieved from a judgment taken against him, in consequence of the neglect, carelessness, forgetfulness, or inattention of the former." Guardia v. Guardia, 48 Nev. 230, 233-234, 229 P. 386, 387 (1924). *See* Intermountain Lumber v. Glens Falls, *supra. Cf.* Norris v. Phillips, 86 Nev. 619, 472 P.2d 347 (1970).

From the foregoing, it is apparent to us that the grounds for setting aside a default judgment were not met and that the district court did not abuse its discretion by refusing to set it aside.

---

[2]NRCP 60(b)(1) provides:

"On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect."

2. Appellants also contend the district court erred in awarding punitive damages. Appellants first argue that there was insufficient evidence to find that Sievers acted with malice. Evidence was adduced at the damages hearing that appellant Alley, then employed by Village Realty, took a listing to sell certain land for $6,000, including the commission, on September 7, 1973. Later that day, respondents were shown the land and told the purchase price was a firm $8,000. Respondents paid a $100 deposit. The next day, S.A.W. Co., appellants' investment firm, purchased the land from the original seller for $6,000. Sievers, Alley and Wykoff, acting for S.A.W. Co., then sold the property to respondents for $8,000, thereby making a $2,000 profit. Alley, the salesman, and Wykoff, the broker and owner of Village Realty, testified to their involvement in the transaction and admitted wrongdoing. Sievers made no appearance in the action and offered no evidence to refute the respondents' allegations that he had full knowledge of the fraudulent transaction. Had he wished to vindicate himself, he could have entered an appearance and either moved to dismiss or sought contribution or indemnity.

Appellants next argue that no evidence was presented as to whether each appellant acted in an equally malicious manner. They contend that an award of punitive damages against all the defendants without distinguishing the allegedly varying degrees of culpability was improper. Appellants further argue that the evidence showed that each of them had different financial worth and that the court is required to consider these variances and award amounts against each appellant accordingly.

In Caple v. Raynel Campers, Inc., 90 Nev. 341, 526 P.2d 334 (1974), we pointed out that the assessing of punitive damages is wholly subjective. There are no objective standards by which the monetary amount can be calculated. Thus, in this case, the district court could very well have taken into account appellants' culpability and financial worth to arrive at its award.

Furthermore, the amount of punitive damages assessed should be sufficient to punish a wrongdoer and deter others from acting in a similar manner without financially annihilating the defendant. *Id.* There has been no suggestion made by appellants that the award in this case would financially annihilate any of them.

Appellants also argue that the only evidence of the financial worth of some of them was the testimony of other appellants. They assert that such evidence is an insufficient basis for the court to determine financial worth. However, in *Caple,* this court refused to reverse an award of punitive damages where

no indication of the financial worth of the defendant was presented at trial. In the absence of such evidence, we stated that we were in no position to question the amount of the award. Therefore, having refused to find an award of punitive damages improper where no evidence of financial worth was presented, it seems clear that the trial court in this case could properly rely on the uncontroverted evidence of financial worth presented.

Finally, appellants argue that punitive damages should be awarded against joint defendants according to the culpability of the least culpable defendant. No persuasive legal authority was cited in support of this novel proposition and, thus, it is summarily rejected. *See* Holland Livestock v. B & C Enterprises, 92 Nev. 473, 553 P.2d 950 (1976).

The district court had sufficient evidence before it to determine whether an award of punitive damages should be made, and the amount of the award. Based upon *Caple,* we are constrained to conclude that the district court did not abuse its discretion in either the award of punitive damages or the amount thereof. While the award is quite high, it does not shock our conscience in this case, wherein the expertise, professionalism, ethics and reliability of licensed real estate agents of this state are involved.

The judgment and award of damages is affirmed.

MOWBRAY, C. J., and THOMPSON, GUNDERSON, and BATJER, JJ., concur.