## CHARLES G. STASCHEL, APPELLANT, v. WEAVER BROTHERS, LTD., RESPONDENT.

### No. 13070

December 20, 1982                                     655 P.2d 518

*James Shields Beasley,* Reno, for Appellant.

*Smith and Gamble, Ltd.,* and *Wayne S. Chimarusti,* Carson City, for Respondent.

## OPINION

By the Court, MOWBRAY, J.:

On May 7, 1982, this Court issued an opinion in the case of Staschel v. Weaver Brothers, Ltd., which appears at 98 Nev. 199, 644 P.2d 512 (1982). Respondent petitioned for a rehearing, contending that this Court misapprehended material facts in the record. NRAP 40(c)(2)(i). Having reviewed the petition and the opposition, we deny the petition for rehearing, on the ground that any factual inaccuracies in the opinion were not material to the result. However, we recall our earlier opinion and issue this opinion in its stead.

This is an appeal from an order denying a motion to set aside

a default judgment. Respondent filed this action against appellant in the First Judicial District Court on April 3, 1979. Service of process was effected by leaving the summons and complaint at appellant's place of business. A local attorney filed an answer and counterclaim. On July 2, 1979, respondent served that attorney with a request for interrogatories. They were never answered.

Respondent moved the court on September 18, 1979 for an order directing the filing of the answers. The court granted the order; it was served on the same attorney and ignored. A default judgment was entered on November 8, 1979 and a hearing on damages set for November 21, 1979. Although served with notice, appellant's attorney did not attend the hearing and the court finally entered a default judgment in favor of respondent and against appellant for $255,254.71.

Appellant was in Montana at the time the case was filed. He first learned of the default judgment six months after his return to Carson City. His attorney assured him that the default judgment would be vacated. Several months later, after continually reassuring appellant that all was proceeding smoothly, the attorney informed appellant that he was giving up the practice of law.[1] Appellant then secured his present counsel and filed the instant motion to set aside the default judgment.

The rule is well established that the granting or denying of a motion to vacate a default rests in the sound discretion of the district court. The order will not be disturbed unless an abuse of discretion clearly appears. Fagin v. Fagin, 91 Nev. 794, 544 P.2d 415 (1975); Bryant v. Gibbs, 69 Nev. 167, 243 P.2d 1050 (1952).

Although the law ordinarily charges the client with the inexcusable neglect of his attorney and gives him redress against his counsel, courts have given clients relief from a default when the attorney's failure to represent the client amounts to misconduct. Daley v. County of Butte, 227 Cal.App.2d 380, 391-92, 38 Cal.Rptr. 693, 700 (1964). Here the attorney swore by affidavit that he had been given no authority to represent the appellant generally or in this particular matter. As the court said in Orange Empire National Bank v. Kirk:

> Thus, where a client is unknowingly deprived of effective representation by counsel's failure to serve process, to appear at the pretrial conference, to communicate with the

---

[1]The attorney has since been publicly reprimanded for dereliction of duty to a client in an unrelated matter.

court, client, and other counsel, and the action is dismissed by reason of the attorney's misrepresentation, the client will not be charged with responsibility for the misconduct of nominal counsel of record, providing the client acts with due diligence in moving for relief after discovery of the attorney's neglect, and the opposing party's rights will not be prejudiced nor suffer injustice as a result of the granting of relief.

66 Cal.Rptr. 240, 244 (Ct.App. 1968).

In the instant case, the attorney entered an appearance for the appellant by filing an answer and counterclaim to respondent's claim. He then failed to answer respondent's interrogatories, respond to the court order directing him to answer, or attend the hearing on damages following entry of the default judgment. As the court noted in Orange Empire National Bank, "[t]o characterize [the attorney's] failure to represent his client as 'inexcusable neglect' would be charitable but hardly candid. His dereliction of the professional obligations owed appellant constituted actual misconduct." 66 Cal.Rptr. at 244.

Under the facts presented, we believe appellant should have his day in court. As the United States Court of Appeals, District of Columbia said in Jackson v. Washington Monthly Co.:

We are constrained to conclude this appeal on a note of caution. Trial-court dismissal of a lawsuit never heard on its merits is a drastic step, normally to be taken only after unfruitful resort to lesser sanctions. [Citations omitted.] . . . Dismissals for misconduct attributable to lawyers and in no wise to their clients invariably penalize the innocent and may let the guilty off scot-free. That curious treatment strikes us as both anomalous and self-defeating. [Citations omitted.] When the client has not personally misbehaved and his opponent in the litigation has not been harmed, the interests of justice are better served by an exercise of discretion in favor of appropriate action against the lawyer as the medium for vindication of the judicial process and protection of the citizenry from future imposition. [Citations omitted.] Public confidence in the legal system is not enhanced when one component punishes blameless litigants for the misdoings of another component of the system; to laymen unfamiliar with the fundamentals of agency law, that can only convey the erroneous impression that lawyers protect other lawyers at the expense of everyone else.

569 F.2d 119, 123-124 (D.C.Cir. 1977).

Accordingly, we reverse and remand the case for a trial on the merits.

MANOUKIAN and SPRINGER, JJ., and ZENOFF, SR. J.,[2] concur.

GUNDERSON, C. J., dissenting:

I respectfully dissent.

In my view, the district court could properly determine, as it apparently did, that appellant Staschel had failed to prove "mistake, inadvertence, surprise or excusable neglect." NRCP 60(b). The record in this matter, including affidavits supporting appellant's motion for relief from the judgment, is quite extensive. From the record, disparate inferences may be drawn concerning the extent of appellant's knowledge, diligence or lack of it, and culpability in allowing the judgment to be entered. The district court evidently simply was not satisfied that appellant's predicament arose solely from clear "misconduct" on the part of his counsel.

In my opinion, this Court should not re-weigh the evidence, draw different inferences, and substitute its judgment for that of the district court on factual issues which were that court's province to consider—and as to which the appellant, as moving party, had the burden of proof.

[2]The Chief Justice designated THE HONORABLE DAVID ZENOFF, Senior Justice, to sit in the place of THE HONORABLE CAMERON M. BATJER, Justice, retired. Nev. Const., art. 6, § 19(1)(c); SCR 10.