ARTHUR PASSARELLI, APPELLANT, v. J–MAR DEVELOPMENT, INC., A NEVADA CORPORATION, RESPONDENT.

No. 16394

June 26, 1986                                    720 P.2d 1221

R. Paul Sorenson, Las Vegas, for Appellant.

Carelli & Miller, Las Vegas, for Respondent.

284

## OPINION

*Per Curiam:*

J-Mar Development, Inc. (J-Mar) claimed balances due on a construction contract. The matter was called to trial on November 28, 1984, and neither Authur Passarelli (Passarelli) nor his counsel appeared. After reviewing the documents and hearing the testimony of witnesses, the lower court entered judgment against Passarelli for the sum of $13,247.60 along with interest and costs.

On December 24, 1984, a motion was filed requesting the court to set aside the judgment and grant a new trial. This motion was pursuant to NRCP 59(a)(3), or alternatively, NRCP 60(b)(1).[1] We agree with Passarelli that he is entitled to a new

---

[1]NRCP 59(a) reads:

> A new trial may be granted to all or any of the parties and on all or part of the issues for any of the following causes or grounds materially affecting the substantial rights of an aggrieved party: . . . (3) Accident or surprise which ordinary prudence could not have guarded against.

NRCP 60(b)(1) reads:

> On motion and upon such terms as are just, the court may relieve a

trial. The conduct of his prior counsel constituted excusable neglect and a trial is necessary in order that Passarelli may put forth his defenses.

## The Facts

Passarelli had engaged the services of a local attorney to assist him with the J-Mar litigation. Trial was scheduled for November 28, 1984, but neither Passarelli nor his attorney made an appearance. After reviewing the documents and hearing the testimony of witnesses, the lower court entered judgment against Passarelli.

A review of the record reveals that Passarelli's then attorney was the victim of substance abuse. As a result, the attorney's law practice had disintegrated. It was late 1984, that Passarelli's attorney was closing his law office and preparing to enter a treatment program. The secretary of the law office reported that the attorney's performance became erratic in early 1984, and became progressively worse. By August, 1984, the attorney was not coming to the office and was missing most appointments. The secretary felt that this attorney was unable to function after May, 1984, due to his disability. Colleagues of the attorney determined that the law practice had been suffering from inattention for approximately a year. Only when confronted by professional friends and colleagues, did the attorney elect to close his office and seek medical treatment. Additionally, pursuant to the recommendation of the Southern Nevada Disciplinary Board for the State Bar of Nevada, the attorney was transferred to disability inactive status pursuant to SCR 117.

It is now the responsibility of this court to determine whether the conduct of Passarelli's counsel is to be imputed to Passarelli. We agree that to do so would be improper.

## Discussion

This court has repeatedly held that cases are to be heard on the merits if possible. *E.g.,* Hotel Last Frontier v. Frontier Prop., 79 Nev. 150, 155, 380 P.2d 293, 295 (1963). The decision to grant or deny a new trial or to set aside a judgment rests with the sound discretion of the lower court. *Id.* at 153. However, that discretion must be exercised within established guidelines. In *Hotel Last Frontier,* this court announced guidelines to be utilized by the lower court in an exercise of such discretion. We determined that there must be a prompt application to remove the judgment; there cannot be an intent merely to delay the proceedings; there must

---

party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect.

be a showing of good faith, and; a meritorious defense must exist. *Id.* at 154.

Here, we note that there was prompt application to set aside the judgment. Additionally, there is no showing that Passarelli's actions were for the purpose of delay. Passarelli was acting in good faith because he felt that he was deprived of the opportunity to present his defenses to the action. We agree. A review of the record reveals the existence of a meritorious defense. There are affidavits which dispute certain charges made by J-Mar. There is also the opinion of counsel, based upon the facts available to him, that a meritorious defense exists. We deem the evidence satisfactory to show the existence of a meritorious defense. *See Hotel Last Frontier* at 155.

The remaining issue to be addressed is whether relief is available to Passarelli pursuant to NRCP 59(a)(3) or NRCP 60 (b)(1). A review of the record and a consideration of the policies involved leads us to determine that relief is available pursuant to NRCP 60(b)(1). Counsel's failure to meet his professional obligations constitutes excusable neglect. The disintegration of this attorney and his law practice was the result of a recognized psychiatric disorder. *See* Brinkley v. State, 101 Nev. 676, 681, 708 P.2d 1026, 1030 (1985). Passarelli was effectually and unknowingly deprived of legal representation. It would be unfair to impute such conduct to Passarelli and thereby deprive him of a full trial on the merits.

We decline to award J-Mar's requested attorney's fees. We note that J-Mar initially anticipated a trial on the merits and the fees associated with same. Accordingly, we reverse the ruling of the lower court and remand for a trial on the merits.