ARTHUR STILL, Executor and administrator of the
Estate of Jack Still, Appellant and Cross-
Respondent, v. GRANT H. HUNTLEY, Respondent
and Cross-Appellant.

No. 17037

December 18, 1986                    729 P.2d 489

*Haase & Harris,* Reno, for Appellant and Cross-Respondent.

*John R. Brydon,* Reno, for Respondent and Cross-Appellant.

## OPINION

*Per Curiam:*

In January of 1984, J. W. Still (Still) filed a complaint against
Grant H. Huntley (Huntley) alleging fraud and breach of a
statutory mining partnership agreement. On behalf of Huntley,
his counsel, Timothy W. Dixon (Dixon), answered with a general
denial.

On April 24, Still brought a motion to compel discovery because Huntley failed to appear for his deposition. The unopposed motion was granted. Huntley again failed to respond to discovery requests, and, as a result, in an unopposed motion, Still obtained a default judgment against Huntley on the issue of liability, with a hearing on damages to be held at a later date. On January 3, 1985, the damages hearing was held with no appearance being made by Huntley or his counsel. On January 8, judgment was entered in favor of Still for $19,627,825.05 together with twelve percent interest.

On April 19 of that same year, Huntley brought a motion to set aside the default judgments. In support of the motion attorney Dixon's affidavit stated that the attorney had been experiencing serious economic and personal problems which affected his law practice, that he was under a doctor's care in order to cope with his problems, and that he had requested the State Bar to permit him to go on inactive status for six months. Dixon attributed his neglect of Huntley's case to his personal problems. Huntley stated in his affidavit that he was under the impression that Dixon was properly protecting his interests and that he was unaware of the discovery requests, discovery order and default judgments until informed of such by his son in March of 1985. Huntley stated that he was totally surprised to learn of the manner in which Dixon had handled his case.

During the final months of these proceedings Still became infirm and was unable to appear in court.

The motion to set aside the default and the final judgment was granted. Still then appealed that order. During the pendency of the appeal, J. W. Still died. His son, Arthur Still, was placed in his stead as executor and administrator of the estate.

A motion to grant or vacate a default judgment rests in the sound discretion of the district court. Passarelli v. J-Mar Development Co., 102 Nev. 283, 720 P.2d 1221 (1986); Staschel v. Weaver Bros., Ltd., 98 Nev. 559, 655 P.2d 518 (1982). This discretion is not, however, unfettered; there must be a prompt application to remove the judgment; there must not be an intent to delay the proceedings; the defendant must have acted in good faith; and there must exist a meritorious defense to the plaintiff's claim. Passarelli, above; Hotel Last Frontier v. Frontier Prop., 79 Nev. 150, 380 P.2d 293 (1963).

In order to promote public confidence in the legal system and avoid the erroneous impression that lawyers protect other lawyers at the client's expense, this court has previously refused to impute the gross misconduct of counsel to the client. Staschel, 98 Nev. at 560-61, 655 P.2d at 519-20. However, our past refusal to impute

counsel's misconduct to the client presupposes that there is no addition to the requirements stated above, that no prejudice will result to the opposing party's rights and that an opposing party will suffer no injustice resulting from the granting of relief. *Id.* at 561, 655 P.2d at 519-20.

In the case before us, we cannot overlook the prejudice appellant claims he will suffer because of the death of J. W. Still. The statutory mining partnership claimed to exist by Still came about solely as the result of oral negotiations between J. W. Still and respondent Huntley. Any credible opportunity to relitigate the merits of Huntley's liability therefore vanished upon the death of J. W. Still.

Because of the manifest prejudice which would be suffered by appellant Still by setting aside the default on liability, we are constrained to reverse the trial court and allow the first default judgment[1] regarding the merits of Huntley's liability to stand. In doing so we note the defense listed by Huntley in his answer to Still's complaint.[2]

A review of the record on this appeal leads us to the conclusion that the only viable defenses included in the answer would require the testimony of J. W. Still. Since J. W. Still is no longer available either to present his claim of Huntley's liability or to refute Huntley's defenses, we have determined that, in the interests of justice, the first default must stand.

Virtually all of a potentially unjust result in this case would arise from the large amount of damages claimed by Still. Still has, however, conceded that he could successfully retry the damages issue. A review of the basis for Still's damage claims discloses that these claims should be susceptible to refutation by Huntley in the event the facts are not as stated by J. W. Still in his original testimony. That portion of the district court's order setting aside the second default[3] entered after the damages hearing is, therefore, affirmed.

Accordingly, we remand the case to the district court for further proceedings consistent with this opinion.

---

[1]Dated and filed June 25, 1984.

[2]Huntley listed the following five affirmative defenses: (1) failure to state a claim upon which relief can be granted, (2) accord and satisfaction, (3) laches, (4) statute of frauds, and (5) waiver.

[3]Dated and filed January 8, 1985.