RITA ANN DAGHER, Appellant, v.
MARK DAGHER, Respondent.

No. 17427

February 6, 1987                                       731 P.2d 1329

*Lew W. Carnahan,* Reno, for Appellant.

*Conner and Steinheimer,* Reno, for Respondent.

---

## OPINION

*Per Curiam:*

The Daghers were divorced in 1983. They have two children: Mark, Jr., now age 15, and Monique, now age 8. The period since the divorce has been marked by repeated litigation. The present appeal involves an order awarding Mark Dagher (Mark) physical custody of Monique.

At Mark's request, a five-minute hearing was set for April 3, 1985, on motions for "modification of divorce" and an order to show cause.[1] According to the record on appeal, at that time no motion for modification of divorce was pending before the court. There was an outstanding motion to set aside the decree of divorce, but Mark had not recently acted on that motion and in fact had remarried. The motion for an order to show cause did not seek a permanent change of physical custody. Thus, it appears that Rita Dagher (Rita) was never apprised that the hearing might involve a change of custody.

Rita did not appear at the hearing, and the challenged order followed. The court stated that Rita intended to disobey court orders and to deny Mark a normal relationship with their daughter. Rita, alleging that she had thought counsel would attend the hearing on her behalf, moved to have the order set aside. That motion was denied. Because the change of custody was precipitous and denial of the subsequent motion erroneous, we reverse and remand for further proceedings.

The trial court implicitly treated Rita's motion as one to set aside a default judgment for excusable neglect, pursuant to NRCP

---

[1]The order, however, recites that it is based on Mark's motion for "Modification of Custody." No such motion is of record.

60(b). For purposes of this opinion we shall analyze the court's action accordingly, although NRCP 55 does not provide that a default may be entered as to a mere motion. Orders refusing to set aside default judgments are normally reviewable only for abuse of discretion. Fagin v. Fagin, 91 Nev. 794, 798, 544 P.2d 415, 417 (1975). However, the judicial policy favoring decision on the merits is heightened in domestic relations cases where, as here, the interests of nonlitigants are affected. Cicerchia v. Cicerchia, 77 Nev. 158, 161, 360 P.2d 839, 841 (1961); Guardia v. Guardia, 48 Nev. 230, 229 P. 386 (1924); Blundin v. Blundin, 38 Nev. 212, 214, 147 P. 1083, 1084 (1915). Further, under NRS 125.480, the best interest of the child is the sole lawful criterion in making a custody determination.[2] Therefore, it follows that the court erred in changing custody without prior specific notice and as a sanction for perceived maternal misconduct.[3]

Additionally, Mark did not controvert Rita's assertions that attorney Samuel Francovich orally agreed to represent her and that, thereafter, Francovich's secretary consistently affirmed that he was working on the case. Counsel's abandonment of a client, not known by the client, constitutes excusable neglect, Passarelli v. J-Mar Development, 102 Nev. 283, 720 P.2d 1221 (1986); Stachsel v. Weaver Brothers, Ltd., 98 Nev. 559, 655 P.2d 518 (1982), as does a reasonable belief that one will be represented, either by counsel, Gravely v. Gaffney, 437 A.2d 1041, 1043 (Pa. Commw.Ct. 1981), or through the actions of another party to the litigation, Banks v. Heater, 95 Nev. 610, 600 P.2d 245 (1979). Since there was evidence of just such a belief, and no demonstrable evidence to the contrary, it follows that Rita demonstrated excusable neglect. Considering the matters just discussed, the trial court should have set its order aside.

If there is to be a change of custody, Rita is first entitled to a proper hearing on that issue. That hearing should be expedited in every way, since Monique already has been away from her mother for over a year. However, since there is evidence to the effect that Rita may indeed have sought to evade the jurisdiction

---

[2]Throughout this appeal the hostility of Mark and Rita toward each other has, sadly, been far more apparent than their concern for their daughter's best interest. We can only hope that this will change when the question of custody is given a hearing.

[3]Disobedience of court orders is, of course, punishable in other ways. *See, e.g.,* NRS 22.010(3), .100. Further, an intent to deny a child a normal relationship with her father could bear on the child's best interest. However, a court may not use changes of custody as a sword to punish parental misconduct.

of Nevada's courts, it is clear that Monique should remain with her father pending the outcome of that hearing.

The order changing custody of Monique is vacated and the cause is remanded for a priority setting to consider the issue of custody in accordance with Nevada law.[4]

---

[4]We note that the present counsel of record did not represent either of the parties to this appeal in the lower court.