GUY VICTOR BAUWENS, Appellant, *v.*
PEGGY EVANS, Respondent.

No. 23484

May 28, 1993                                        853 P.2d 121

*George R. Carter,* Las Vegas, for Appellant.

*Patricia F. Winnie,* Reno, for Respondent.

## OPINION

*Per Curiam:*

Respondent gave birth to a daughter in 1985. Although respondent and appellant, the child's father, never exchanged marital vows, for a period the trio lived together as a family. However, after appellant allegedly displayed abusive behavior and engaged in illicit drug activities, respondent fled with the child to Washoe County in January 1992.

Shortly thereafter, respondent obtained an ex parte temporary protective order ("TPO") that prevented appellant from visiting her or the child. On March 12, 1992, respondent filed a petition in Washoe County for an order terminating appellant's parental rights. In the petition, respondent alleged that appellant neglected the child. The district court scheduled a hearing on the matter for April 10, 1992.

On April 6, 1992, both appellant and respondent appeared in Washoe County before a domestic master (the "Master") concerning the TPO. During the proceeding the Master reminded appellant of the April 10 parental rights termination hearing. However, appellant, representing himself in proper person, informed the Master that he could not attend the April 10 hearing because he had a mandatory court appearance scheduled for the same day in Clark County. To remedy this time conflict, appellant requested a continuance of the April 10 termination hearing. The parties dispute the Master's response to this request. Appellant understood the Master to have granted a continuance, while respondent claims that the Master did not grant the request. Nevertheless, on April 7, 1992, specifically citing appellant's time conflict, respondent moved to continue the April 10 hearing. The record does not indicate whether the district court took action on this motion.

The district court conducted the April 10 termination hearing as scheduled. When appellant failed to appear at the hearing, the district court granted a default judgment in favor of respondent, thereby terminating appellant's parental rights.

Less than a month later, appellant filed a motion to set aside the termination order pursuant to NRCP 60(b)(1) based on inadvertence and excusable neglect. Appellant argued that he failed to appear at the April 10 hearing because of his mistaken belief that the April 10 termination hearing had been continued to a later date.

The district court denied appellant's NRCP 60(b)(1) motion, finding that appellant did not possess a reasonable, excusable or inadvertent belief that the April 10 hearing had been continued. Thereafter appellant retained legal counsel and this appeal ensued. Appellant argues that the district court erred in refusing to set aside its default judgment terminating his parental rights. We agree and reverse and remand for an evidentiary hearing.

## DISCUSSION

The district courts should hear cases on the merits if possible. *Passarelli v. J-Mar Development*, 102 Nev. 283, 720 P.2d 1221 (1986). In turn, under NRCP 60(b)(1) a district court may relieve

a party from a default judgment on the grounds of "mistake, inadvertence, surprise or excusable neglect." Generally, district courts enjoy discretion in such matters. Still v. Huntley, 102 Nev. 584, 729 P.2d 489 (1986). This discretion is not, however, unfettered. Thus, we have established guidelines for lower courts to examine a NRCP 60(b)(1) claim. The district court must analyze whether the movant: (1) promptly applied to remove the judgment; (2) lacked intent to delay the proceedings; (3) demonstrated good faith; (4) lacked knowledge of procedural requirements; and (5) tendered a meritorious defense to the claim for relief. Kahn v. Orme, 108 Nev. 510, 835 P.2d 790 (1992).

Appellant contends that he demonstrated the necessary elements of promptness, no intent to delay, good faith, lack of procedural knowledge, and a meritorious defense to set aside the default judgment based on NRCP 60(b)(1). We concur.

Appellant established NRCP 60(b)(1) excusable neglect or inadvertence. Specifically, he promptly objected to the judgment—the court entered the termination order on *April 10, 1992,* and appellant filed his NRCP 60(b)(1) motion *May 4, 1992.* Additionally, other than verbally requesting a continuance at the April 6 hearing, the record does not reflect that appellant filed any motions to unnecessarily delay or prolong the matter. Moreover, the record contains no indicia of bad faith on appellant's part. In fact, appellant informed the Master that he could not attend the April 10 hearing in good faith and made an honest mistake in misunderstanding the Master's instructions concerning the continuance. Significantly, *respondent's* filing of a continuance motion served to reinforce appellant's confusion that the district court had rescheduled the matter. Furthermore, appellant has demonstrated that as a proper person litigant he lacked knowledge of the procedural requirements involved in obtaining a continuance. Finally, appellant's specific denial of the neglect allegations, if true, would tend to establish a meritorious defense to respondent's petition.[1]

In addition, given that termination of parental rights constitutes a drastic and permanent severance of the parent-child relationship, we hold that the judicial policy favoring a decision on the merits heightens in matters involving the termination of parental rights.

In conclusion, appellant satisfied the requirements of NRCP 60(b)(1). Thus, in view of the district court's error in refusing to set aside its default judgment, we reverse the district court's

---

[1]We express no opinion on the merits of appellant's possible defenses or respondent's petition.

order terminating appellant's parental rights and remand to the district court. On remand, we order the district court to conduct an evidentiary hearing on respondent's petition.

We have carefully considered the other issues raised on appeal and conclude that they lack merit or need not be addressed given our disposition of this matter. Accordingly, we reverse the district court's order and hereby remand for proceedings consistent with this opinion.