An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

CHRISTINA PALCHETTI,
Appellant,
vs.
MICHAEL G. THOMAS,
Respondent.

No. 60716

**FILED**

JUL 2 4 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

*ORDER OF AFFIRMANCE*

This is a child custody fast track appeal from a district court order denying appellant's request to modify custody of the parties' minor child. Eighth Judicial District Court, Clark County; Kenneth E. Pollock, Judge.

On appeal, appellant contends that the district court abused its discretion in failing to make findings concerning the child's best interest, and instead, improperly relied upon legal authority that child custody cannot be changed based solely on parental misconduct or disobedience with court orders. Appellant argues that the district court did not adequately address the parties' high level of conflict, respondent's inability to cooperate on parenting issues, respondent's mental health and substance abuse issues, and respondent's abusive conduct. Appellant further contends that the district court did not adequately protect the child's best interest when addressing respondent's substance abuse issues.

The district court may modify a joint physical custody arrangement if such modification is in the child's best interest. NRS 125.510(2); *Rivero v. Rivero*, 125 Nev. 410, 430, 216 P.3d 213, 227 (2009); *see also* NRS 125.480(4). Generally, child custody matters rest in the

13-21790

district court's sound discretion, and this court will not disturb the district court's custody decision absent a clear abuse of that discretion. *Castle v. Simmons*, 120 Nev. 98, 101, 86 P.3d 1042, 1045 (2004); *Wallace v. Wallace*, 112 Nev. 1015, 1019, 922 P.2d 541, 543 (1996).

We agree with appellant that a custody modification must be based on the child's best interest and not to punish a parent for misconduct. *See Dagher v. Dagher*, 103 Nev. 26, 28, 731 P.2d 1329, 1330 (1987); *see also Sims v. Sims*, 109 Nev. 1146, 865 P.2d 328 (1993). Nevertheless, it is clear from the record that the district court thoroughly considered each of appellant's arguments and declined to modify custody because a modification was not in the child's best interest. The district court specifically found that the child had been thriving under the parties' joint custody agreement and that appellant had not established that respondent's mental health condition affected his ability to parent. The court further found that respondent had rebutted the domestic violence presumption against joint custody. NRS 125C.230(1). It is the duty of the trier of fact, not an appellate court, to weigh the credibility of witnesses. *Castle*, 120 Nev. at 103, 86 P.3d at 1046.

As for the substance abuse issue, the district court found that respondent did have alcohol problems, but declined to modify custody on this basis and instead ordered respondent to refrain from using alcohol or drugs during or within 24 hours before his custodial time. Therefore, the district court did address respondent's substance abuse issue as it affected the child's best interest. We conclude, based on the totality of the record,

that the district court did not abuse its discretion in denying appellant's motion to modify custody. *Id.* at 101, 86 P.3d at 1045. Accordingly, we

ORDER the judgment of the district court AFFIRMED.[1]

_____ , J.
Hardesty

_____ , J.
Parraguirre

_____ , J.
Cherry

cc:     Hon. Kenneth E. Pollock, District Judge
        Robert E. Gaston, Settlement Judge
        Dickerson Law Group
        Sterling Law, LLC
        Eighth District Court Clerk

_____

[1]In light of our disposition, we deny as moot respondent's request for a status check.