# IN THE SUPREME COURT OF THE STATE OF NEVADA

ABD HOLDINGS, INC., A NEVADA CORPORATION; ROBERT T. BARRA, AN INDIVIDUAL; AND DONALD GIEBLER, AN INDIVIDUAL, Appellants,
vs.
JMR INVESTMENT PROPERTIES, LLC, A TEXAS CORPORATION; AND PAUL JACOBS, AN INDIVIDUAL, Respondents.

No. 74710



FILED

MAY 2 9 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court order denying a motion for NRCP 60(b) relief from a default judgment. Eighth Judicial District Court, Clark County; Adriana Escobar, Judge.[1]

*Facts and Procedural History*

Appellants Robert T. Barra and Donald Giebler, acting through ABD Holdings, Inc., offered Paul Jacobs, through JMR Investment Properties, the opportunity to invest $50,000 in ABD. The investment contract predicted a $500,000 return within 30 days of receiving the funds and represented the investment as having minimal risk. Jacobs invested the $50,000, but did not receive any return on the investment.

---

[1]The Honorable Justice Abbi Silver voluntarily recused herself from deliberating the decision in this matter.

19- 23317

JMR and Jacobs ("Jacobs") thereafter filed a complaint against ABD, Barra, and Giebler ("Barra and Giebler"), asserting Barra and Giebler had defrauded Jacobs in a prime bank investment scheme. When the answer came due, Barra and Giebler asked Jacobs for an extension of time to file the answer. Jacobs gave them until August 17. On August 13, Barra and Giebler asked for another extension, and Jacobs gave them an extension until September 8, but warned them he would not agree to another extension.

On September 8, attorney Ronald Colquitt of Colquitt & Abbatangelo notified Jacobs' attorney, Justin Stovall, that Colquitt & Abbatangelo was representing Barra and Giebler, and that he would file a responsive pleading once he finished reviewing the documentation. On September 9, Jacobs filed a three-day notice of intent to default. In return, on September 14, Colquitt & Abbatangelo served Jacobs with a demand for security of costs pursuant to NRS 18.130. Stovall immediately contacted Colquitt to contest the demand as untimely. Colquitt maintained the demand was timely and refused to take further action until Jacobs filed the security. Jacobs deposited the security for costs and charges on September 28 and in the notice warned that he would seek a final judgment of default if the answer was not filed within 10 days. Barra and Giebler failed to file the answer, and on October 28 Jacobs filed for entry of defaults against Barra, Giebler, and ABD.

On November 4, Colquitt contacted Stovall to apologize for the delay in filing the answer, which he attributed to a "miscommunication" between his office and the parties. Colquitt represented that he was ready to proceed with the case and asked if Jacobs would stipulate to set aside the entry of defaults. Jacobs refused, but agreed to delay filing his motion for

 

default judgments until November 19 in order to allow Barra and Giebler to file a motion to set aside the entry of defaults.

Barra and Giebler moved to set aside the entry of defaults on November 16. Barra and Giebler asserted their delay was occasioned by their inability to pay their attorneys until October 29, and argued this constituted excusable neglect. The district court held a hearing on January 14, 2016 and on March 9 entered a written order concluding Barra and Giebler failed to show good cause to set aside the entry of defaults. On March 2, before the court entered its written order, Barra and Giebler filed a motion for reconsideration, arguing they had adequately responded to the lawsuit and indicated an intent to defend the case by filing their demand for security of costs, by Colquitt's communications with Stovall, and by promptly moving to set aside the defaults. On April 5, the court held a hearing and denied the motion for reconsideration.

Jacobs filed his motion for default judgments on July 27, 2016, detailing the allegations supporting each cause of action and his requested damages, totaling well over two million, plus interest costs and attorneys' fees. The court held a hearing on September 6, and a second hearing regarding punitive damages on November 17. Neither Barra and Giebler nor their counsel responded to the motion for default judgment or was present at either hearing. However, Colquitt & Abbatangelo moved to withdraw from the case on November 18. On November 29, the district court entered its findings of fact and conclusions of law and default judgment against ABD, Barra, and Giebler. The court awarded $450,000 in expectation damages for fraud by intentional misrepresentation, and $450,000 in punitive damages, for a total of $900,000.

Just short of six months later, on May 26, 2017, Barra and Giebler moved under NRCP 60(b)[2] to set aside the order granting default judgment. They argued that Colquitt & Abbatangelo had mishandled the case and that any neglect on Barra and Giebler's part was excusable. They asserted that Colquitt & Abbatangelo failed to inform them of the September and November hearings or the default judgment, and also that Colquitt & Abbatangelo promised to file an appeal once the default judgment was issued and yet failed to do so. At the July 6 hearing, they further argued that they had paid Colquitt & Abbatangelo a retainer, did not know why Colquitt did not timely file the answer, and Colquitt & Abbatangelo had essentially abandoned Barra and Giebler after assuring them that the attorneys would contact them and file an appeal once the district court entered default. Barra and Giebler represented that they had filed their NRCP 60(b) motion in a reasonable time where they were not notified of the default judgment, and had hired a new attorney in March who thereafter negotiated with Stovall on their behalf. The district court denied the motion, concluding that Barra and Giebler were aware of all relevant court dates, intentionally sought to delay the proceedings throughout the case's history, and unreasonably filed their current motion three days short of the six-month deadline. The court further noted that an attorney's negligence is imputed to the client, and found that no good cause existed to set aside the default judgment. This appeal followed.

---

[2]Because the recent amendments to the Nevada Rules of Civil Procedure did not change the portions of NRCP 60 at issue in this case, we cite to the most recent version of the rule. *See* ADKT No. 522 (Order Amending the Rules of Civil Procedure, the Rules of Appellate Procedure, and the Nevada Electronic Filing and Conversion Rules, December 31, 2018).

*Motion to set aside default judgment pursuant at NRCP 60(b)(1)*

The sole issue is whether the district court abused its discretion by refusing to set aside the default judgment pursuant to NRCP 60(b)(1) for excusable neglect in light of the attorneys' conduct here. We review a NRCP 60(b) motion to set aside a default judgment for an abuse of discretion. *Rodriguez v. Fiesta Palms, LLC*, 134 Nev., Adv. Op. 78, 428 P.3d 255, 257 (2018). Although we favor adjudication on the merits, the district court has "wide discretion" to determine whether negligence is excusable pursuant to NRCP 60(b)(1). *Britz v. Consol. Casinos Corp.*, 87 Nev. 441, 445-46, 488 P.2d 911, 914-15 (1971). Moreover, we will not allow litigants and their counsel to "to disregard process or procedural rules with impunity." *Id.* at 446, 488 P.2d at 915. The burden of proof is on the party moving for NRCP 60(b)(1) relief to establish, by a preponderance of the evidence, that the neglect is excusable. *Id.* Where there is conflicting evidence in the record, we will affirm the district court's findings where evidence supports those findings. *Id.* at 444-45, 488 P.2d at 914.

As an initial matter, we disagree that the district court improperly imputed Colquitt & Abbatangelo's alleged negligence to Barra and Giebler as related to the default itself. Ordinarily an attorney's negligence is imputed to the client, even where that negligence results in a default. *See Estate of Adams v. Fallini*, 132 Nev. 814, 819, 386 P.3d 621, 625 (2016); *see also Tahoe Vill. Realty v. DeSmet*, 95 Nev. 131, 134, 590 P.2d 1158, 1161 (1979) *abrogated on other grounds by Ace Truck & Equip. Rentals, Inc. v. Kahn*, 103 Nev. 503, 746 P.2d 132 (1987). Nevada courts will occasionally grant NRCP 60(b) relief from a default judgment where the attorney affirmatively misrepresents the status of the case to the client or abandons the client, and the particular facts of the case warrant relief. *Cf. Estate of Adams v. Fallini*, 132 Nev. at 819-20, 386 P.3d at 625; *Dagher*

*v. Dagher*, 103 Nev. 26, 28, 731 P.2d 1329, 1330 (1987); *Passarelli v. J-Mar Dev., Inc.*, 102 Nev. 283, 285-86, 720 P.2d 1221, 1223-24 (1986); *Staschel v. Weaver Bros., Ltd.*, 98 Nev. 559, 560-61, 655 P.2d 518, 519 (1982).

Here, facts in the record support that Barra and Giebler delayed timely filing their answer, delayed hiring counsel, knew their attorney would not and did not timely file their answer, and that Jacobs planned to seek a default judgment. *See Rodriguez*, 134 Nev., Adv. Op. 78, 428 P.3d at 258 (explaining a party is on notice where they had sufficient knowledge to infer consequences of failing to act). The motions to set aside the entry of default and to reconsider denial, and Barra and Giebler's affidavits attached to those motions, show that Colquitt & Abbatangelo were communicating with Barra and Giebler up through the motion for reconsideration and support the conclusion that Colquitt & Abbatangelo were acting at Barra and Giebler's direction or consent. Thus, to the extent Colquitt & Abbatangelo were allegedly negligent in failing to timely file the answer and failing to set aside the entry of default, we conclude that it is fair to impute that alleged misconduct to Barra and Giebler.[3] *See Fallini,*

---

[3]We need not determine whether Colquitt & Abbatangelo's actions following the denial of reconsideration actually constituted affirmative misrepresentation or abandonment. Even assuming, *arguendo*, that those actions should not be imputed to Barra and Giebler and would constitute excusable neglect for their failure to respond to Jacob's motion for a default judgment or appear at the two hearings on that motion, Barra and Giebler do not explain how that failure made a difference here. Although Barra and Giebler argue that Colquitt & Abbatangelo's failure to contest the damages led to a damages award that is 20 times greater than the amount Jacobs lost in the investment, Barra and Giebler do not argue that the district court erred by concluding Jacobs was entitled to expectation and punitive damages or abused its discretion by calculating those damages. *See Edwards v. Emperor's Garden Rest.*, 122 Nev. 317, 330 n.38, 130 P.3d 1280,

132 Nev. 814, 819, 386 P.3d at 625; *Tahoe Vill. Realty*, 95 Nev. at 134, 590 P.2d at 1161.

We next consider the district court's ultimate decision to deny the NRCP 60(b)(1) motion for relief due to excusable neglect. In so doing, we address: (1) whether the party promptly applied to remove the judgment after learning of it, (2) whether any evidence shows the party intended to delay the proceedings, (3) whether the party lacked knowledge of the procedural requirements, (4) whether the party acted in good faith, and (5) whether the general policy of deciding a case on the merits weighs in favor of vacating the judgment.[4] *Rodriguez*, 134 Nev., Adv. Op. 78, 428 P.3d at 257.

As to the first factor, a NRCP 60(b)(1) motion must be filed "not more than 6 months" after the notice of entry of the order. NRCP 60(b). But, six months is "the extreme limit of reasonableness." *Union Petrochemical Corp. of Nev. v. Scott*, 96 Nev. 337, 339, 609 P.2d 323, 324 (1980) (internal quotation marks omitted). Here, Barra and Giebler filed their motion just short of the six-month mark. Facts in the record support that Barra and Giebler knew of the default judgment within the time to appeal, and yet delayed hiring a new attorney and thereafter further delayed filing for NRCP 60(b)(1) relief. Although Barra and Giebler argued facts which, if believed, could have warranted a finding that their delay was

---

1288 n.38 (2006) (noting we will not consider arguments not adequately briefed, not supported by relevant authority, and not cogently argued).

[4]Previously the moving party was also required to demonstrate the existence of a meritorious defense to the plaintiff's complaint; however, that requirement was overruled in 1997. *Epstein v. Epstein*, 113 Nev. 1401, 1405, 950 P.2d 771, 772 (1997); *see also Rodriguez*, 134 Nev., Adv. Op. 78, 428 P.3d at 257, n.2.

reasonable, the district court was in the best position to judge whether the delay was reasonable, and we will uphold its finding as it is supported by the record. *Cf. Rodriguez*, 134 Nev., Adv. Op. 78, 428 P.3d at 258 (concluding that a delay of five months and three weeks was not reasonable where evidence supported the district court's conclusion that the delay in filing the motion was not excusable); *Britz*, 87 Nev. at 444-45, 488 P.2d at 914 (holding that where the evidence conflicts and sufficient evidence supports the district court, this court should affirm). Thus, this factor disfavors NRCP 60(b)(1) relief.

As to the second factor, an intent to delay the proceedings may be inferred from the parties' prior actions. *See Rodriguez*, 134 Nev., Adv. Op. 78, 428 P.3d at 258. The record demonstrates a pattern of delay from the case's inception: Barra and Giebler asked for extensions of the time to file their answer, hired an attorney the day the answer was due then subsequently filed an untimely demand for securities of costs instead of answering the complaint—and thereafter still failed to answer the complaint. Barra and Giebler similarly filed their NRCP 60(b)(1) motion shortly before the deadline. This factor therefore disfavors NRCP 60(b)(1) relief.

As to the third factor, a party is generally deemed to have knowledge of the procedural requirements where the facts establish either knowledge or legal notice, where under the facts the party should have inferred the consequences of failing to act, or where the party's attorney acquired legal notice or knowledge. *Rodriguez*, 134 Nev., Adv. Op. 78, 428 P.3d at 258; *Stoecklien v. Johnson Elec., Inc.*, 109 Nev. 268, 273, 849 P.2d 305, 308 (1993). Here, Barra and Giebler knew the answer was due, knew it was not timely filed, knew Jacobs was seeking a default and money

damages, and should have inferred that failing to file their answer and losing on the subsequent motions would result in a default judgment. This factor therefore disfavors NRCP 60(b)(1) relief.

As to the fourth factor, "[g]ood faith is an intangible and abstract quality" that connotes "a state of mind denoting honesty of purpose and freedom from intent to defraud." *Stoecklein*, 109 Nev. at 273, 849 P.2d at 309. The facts evidencing an intent to delay the proceedings likewise support the district court's finding that Barra and Giebler did not act in good faith here. This factor therefore disfavors NRCP 60(b)(1) relief.

Finally, the fifth factor requires courts to weigh the policy of resolving cases on the merits against the importance of enforcing the procedural requirements. *Rodriguez*, 134 Nev., Adv. Op. 78, 428 P.3d at 259. We conclude the district court did not abuse its discretion by concluding that the policy in favor of resolving cases on the merits does not warrant reversal here, given the facts demonstrating that Barra and Giebler disregarded the process and procedural rules by failing to timely answer the complaint. *See Britz*, 87 Nev. at 446, 448 P.2d at 915 ("Litigants and their counsel may not properly be allowed to disregard process or procedural rules with impunity.").

In light of the forgoing, we conclude the district court did not abuse its discretion by concluding Barra and Giebler failed to show excusable neglect and denying their NRCP 60(b)(1) motion for relief from the default judgment. Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Hardesty

_____, J.
Stiglich

cc:    Hon. Adriana Escobar, District Judge
       Persi J. Mishel, Settlement Judge
       Pecos Law Group
       Law Office of Justin Patrick Stovall
       Eighth District Court Clerk

