# IN THE SUPREME COURT OF THE STATE OF NEVADA

MARTIN GAUTHIER; AND JOSEE
MOREAU,
Appellants,
vs.
WYNN LAS VEGAS, LLC,
Respondent.

No. 73238

**FILED**

OCT 24 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

## ORDER OF REVERSAL AND REMAND

This is an appeal from a district court order granting summary judgment in a tort action. Eighth Judicial District Court, Clark County; Richard Scotti, Judge. Reviewing the summary judgment de novo, *Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005), we reverse and remand.[1]

Appellants Martin Gauthier and Josee Moreau filed a tort action against Wynn Las Vegas, LLC (Wynn) after Moreau was sexually assaulted in her Wynn hotel room by Jeremy Redding, a man who promoted night clubs at the Wynn. The district court found that Redding was an independent contractor, rather than an employee, and therefore applied Nevada's innkeeper liability statute regarding non-employees, NRS 651.015, to appellants' claims. The district court concluded that Redding's assault of Moreau was not foreseeable under that statute and, thus, entered summary judgment on all claims in favor of Wynn.

Appellants first contend that the district court improperly rejected their theory of liability by summarily disregarding their argument that Redding was an ostensible or apparent agent of Wynn. We agree.

---

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted.

SUPREME COURT
OF
NEVADA

(O) 1947A

19-44005

Because conflicting inferences could be drawn from the facts presented, the district court erred by not determining whether there was sufficient evidence to forward the question of agency to a jury. *See Schlotfeldt v. Charter Hosp. of Las Vegas*, 112 Nev. 42, 47, 918 P.2d 271, 274 (1996) (holding that where material facts are in dispute, it is a question of law whether there is sufficient evidence of an agency relationship to present the issue to the jury, but it is for the jury to decide whether an agency relationship exists). For example, the district court found that Wynn placed restrictions on how and where Redding was permitted to promote its nightclubs, such as he could not promote on Wynn property, but there was deposition testimony that Redding was actively promoting Wynn's nightclubs on Wynn property on the night in question.

Additionally, having found that Redding was not a Wynn employee, NRS 651.015(2) then required the district court to determine whether Redding's assault on Moreau was foreseeable as a matter of law. NRS 651.015(3) provides that a wrongful act is not foreseeable unless (a) the owner failed to exercise due care or (b) similar prior incidents occurred on the premises and the owner had notice or knowledge of those incidents. *See also Estate of Smith v. Mahoney's Silver Nugget, Inc.*, 127 Nev. 855, 859, 265 P.3d 88, 691 (2011) (discussing the application of NRS 651.015).

The district court correctly found that appellants did not present evidence of Wynn's knowledge of prior similar incidents pursuant to NRS 651.015(3)(b). However, the district court erred when analyzing whether Wynn failed to exercise due care under NRS 651.015(3)(a). The failure-to-exercise-due-care analysis "is akin to Nevada's 'totality of the circumstances' approach" and allows a district court to find foreseeability when "an innkeeper's outright failure to take reasonable precautions to

protect its patrons would increase the likelihood of injury caused by a third party." *Smith,* 127 Nev. at 860, 265 P.3d at 692; *see also Anderson v. Mandalay Corp.,* 131 Nev. 825, 832, 358 P.3d 242, 247 (2015) (recognizing that "sexual assault is not unforeseeable, per se"). Our review of the record shows that appellants presented genuine issues of material fact regarding certain of Wynn's employees' actions that precluded the district court from deciding this issue at the summary judgment stage. *See Wood,* 121 Nev. at 729, 121 P.3d at 1029 (holding that summary judgment is only appropriate when there is no genuine issue as to any material fact). Disputed facts include whether security ignored signs of a potential assault, whether they responded appropriately when observing Redding trying to prevent Moreau from leaving her hotel room, whether security allowed Redding to show something other than an active hotel room key card to access the hotel elevators in violation of hotel policy, and whether they failed to pursue Redding while he was on hotel property once Moreau alleged assault.[2]

Appellants also contend that the district court erred in concluding that NRS 651.015 barred all of their claims against Wynn because they asserted claims based on the actions of Wynn employees in addition to their claims based on Redding's conduct. We agree. Appellants raised claims seeking to impose liability on Wynn due to the conduct of Wynn employees other than Redding, including Wynn's security officers. *See Rockwell v. Sun Harbor Budget Suites,* 112 Nev. 1217, 1223-24, 925 P.2d 1175, 1179 (1996) (holding that an employer-employee relationship

---

[2]Appellants' arguments asking this court to "reopen" the case are not convincing. The cases appellants cite largely involve setting aside orders of default and default judgments, which are not at issue here. *See, e.g., Staschel v. Weaver Bros., Ltd.,* 98 Nev. 559, 655 P.2d 518 (1982).

exists between a property owner and security personnel). Therefore, it was error for the district court to rely on NRS 651.015 to enter summary judgment on those claims. *See Anderson*, 131 Nev. at 833, 358 P.3d at 248 (observing that NRS 651.015 "applies only when the injury is caused by a person who is not an employee under the control or supervision of the [innkeeper]"). Accordingly, we

ORDER the judgment of the district court REVERSED AND REMAND this matter to the district court for proceedings consistent with this order.[3]

_____, C.J.
Gibbons

_____, J.
Parraguirre

_____, Sr.J.
Douglas

cc: Hon. Richard Scotti, District Judge
Ara H. Shirinian, Settlement Judge
The Wasielewski Law Firm, Ltd.
Marquis Aurbach Coffing
Eighth District Court Clerk

---

[3]The Honorable Michael Douglas, Senior Justice, participated in the decision of this matter under a general order of assignment.