CHARLES F. PHILLIPS AND EXECUTIVE REALTY, INC., APPELLANTS AND CROSS-RESPONDENTS, *v.* FRANK W. LYNCH AND JACQUELINE A. LYNCH, RESPONDENTS AND CROSS-APPELLANTS.

No. 15533

August 19, 1985                      704 P.2d 1083

*Alan R. Smith,* Reno, for Appellants and Cross-Respondents.

*William A. S. Magrath II, McDonald, Carano, Wilson, Bergin, Frankovich & Hicks,* Reno, for Respondents and Cross-Appellants.

# OPINION

*Per Curiam:*

Appellants Charles F. Phillips and Executive Realty, Inc., here challenge a jury verdict which granted the respondents, Frank W. Lynch and his wife Jacqueline, compensatory damages of $17,500 for breach of contract, and punitive damages of $125,000 for fraudulent violation of fiduciary duties. Respondents listed their home for sale with the appellants, licensed real estate brokers, agreeing to pay a 5 percent commission. Appellants "guaranteed" either to sell the home by November 1, 1979, at the best obtainable price over $125,000, or to purchase it from respondents for $125,000 if no better offer were received. Appellants violated the agreement by withholding from respondents information concerning an offer of $150,000, at the same time lying to respondents and coercing them to sell the home to appellants for $125,000 less commission. On appeal, appellants concede that they breached the listing contract, but maintain that the punitive damages award lacked legal basis. We disagree.

In circumstances like those concerned herein, this court has recognized that the aggrieved party may seek more than compensatory damages. Such an action is not one merely upon an obligation arising from contract, within the meaning of NRS 42.010. Here, the fraudulent nature of the wrongdoers' miscon-

duct sounds in tort and justifies a claim for punitive damages. *See, e.g.,* Northern Nev. Mobile Home v. Penrod, 96 Nev. 394, 398, 610 P.2d 724 (1980). Thus, this case presents an appropriate occasion for sanctions of this nature.

Appellants' counsel contends that the jury's award of punitive damages was excessive, urging that it evidently was motivated by passion and prejudice. However, the record amply supports the jury's determination. In his own testimony, Phillips boasted of hundreds of transactions similar to the one in which he defrauded respondents. The evidence established that he not only repeatedly lied to the respondents, and defrauded them, but hypocritically badgered Mrs. Lynch, telling her that she was "greedy," should "go to church," and should "drop on her knees and pray about her greediness." Based on this record, we believe a jury could reasonably conclude that only an award of substantial size would effectively deter appellants from fraudulent activities in the future.

Appellants further contend that the amount of punitive damages will financially annihilate them. This court has repeatedly reiterated the rule that, unless evidence introduced at trial shows the award would financially destroy or annihilate the defendant, its propriety rests within the discretion of the trier of fact. Hale v. Riverboat Casino, Inc., 100 Nev. 299, 682 P.2d 190 (1984); *see also* Summa Corp. v. Greenspun, 98 Nev. 528, 535-36, 655 P.2d 513 (1982); Bull v. McCuskey, 96 Nev. 706, 711, 615 P.2d 957 (1980). In the court below, appellants never raised the possibility of financial annihilation as a result of a punitive damages award. Moreover, they admitted to a net worth of at least $850,000 in real estate holdings. Accordingly, appellants' present contentions concerning financial annihilation are deemed without substance, and, as this court said in Tahoe Village Realty v. DeSmet, 95 Nev. 131, 136, 590 P.2d 1158 (1979): "While the award is quite high, it does not shock our conscience in this case, wherein the expertise, professionalism, ethics and reliability of licensed real estate agents of this state are involved."[1]

Appellants' remaining contentions are without merit. Respondents' request for attorney's fees on appeal is denied. The judgment of the court below is affirmed in all respects.

---

[1]Indeed, we feel constrained to note that the authorities concerned with the licensing and regulation of realtors should not construe the punitive damages award to preclude further administrative sanctions.