15 F.3d 1086
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 L & L ROOFING COMPANY, a Nevada Corporation, Defendant,
and
John Lazovich, individually and doing business as Terminal
Warehouse and Terminal Mini Warehousing; J.W.S., INC., a
Nevada Corporation; J.J.L., INC., a Nevada Corporation,
Defendants-Counter-Claimants-Appellants,
v.
TRANSPORTATION INSURANCE CO., an Illinois Corporation;
Continental Casualty Company, and Illinois
Corporation,
Plaintiffs-Counter-Defendants-Appellees.
 No. 92-16301.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Dec. 17, 1993.
Decided Jan. 18, 1994.
 
 Before: POOLE, BEEZER and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 This appeal concerns the proper resolution under Nevada law of a priority conflict between competing assignments of a claim. The defendants (collectively "Lazovich") contend that the district court erred in granting summary judgment to Transportation Insurance Company ("Transportation"). He contends that the district court wrongly concluded that the assignments were within the purview of the Nevada Commercial Code ("Code"). The district court properly certified this judgment as final pursuant to Fed.R.Civ.P. 54(b). We affirm.
 
 
 3
 * We review de novo the district court's grant of summary judgment. T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 629 (9th Cir.1987). We review de novo the district court's interpretation of state law. Brooks v. Hilton Casinos, Inc., 959 F.2d 757, 759 (9th Cir.1992).
 
 II
 
 4
 Lazovich contends that the assigned claim arose out of tort and, consequently, is excluded from Article 9 by operation of NRS 104.9104(11). He argues that Amoroso Constr. Co. v. Lazovich & Lazovich, 810 P.2d 775 (Nev.1991) is determinative.
 
 
 5
 Lazovich's reliance on Amoroso Constr. is misplaced. In Amoroso Constr., the Nevada Supreme Court sustained the punitive damages awarded L & L in the Amoroso action because sufficient evidence supported L & L's fraud claim; the court did not determine whether claims based on contract and tort liability come within the 9104(11) exception. In fact, relevant cases dictate a contrary result. In Phillips v. Lynch, 704 P.2d 1083 (1985), the Nevada Supreme Court upheld punitive damages in an action brought on dual theories of breach of contract and fraud, stating that "[s]uch an action is not one merely upon an obligation arising from contract." Id. at 312 (emphasis added). This language indicates that the Nevada Supreme Court characterizes such actions as arising out of both contract and tort.
 
 
 6
 The district court reasoned along analogous lines in determining that the Amoroso action did not arise out of tort within the meaning of Sec. 9104(11). We adopt this reasoning in concluding that the assigned claim was not within the Sec. 9104(11) exception.
 
 
 7
 Our interpretation comports with the purposes of Article 9. The Sec. 9104 exceptions are designed to exclude transactions which "by their nature, have nothing to do with commercial financing transactions." U.C.C. Official Comment. Sec. 9-104(k) n. 8. A traditional tort claim certainly comes within this rule; however, the assignments at issue involved collateral that arose in context of a commercial dispute and that constituted a likely source of commercial financing.
 
 III
 
 8
 Lazovich also contests the district court's conclusion that L & L's claim is not subject to the NRS 104.9104(6) exception. Relying on Board of Trustees v. Durable Developers, Inc., 102 Nev. 402 (1986), he argues that the Lazovich assignment was of a single account in satisfaction of preexisting indebtedness.
 
 
 9
 NRS 103.9104(6) excludes "transfer[s] of a single account to an assignee in whole or partial satisfaction of a preexisting indebtedness." NRS 104.9106 defines an account as "any right to payment for goods sold or leased or for services rendered ... whether or not it has been earned by performance." An 'account' is defined as " 'the ordinary commercial account receivable.' " U.C.C. Official Comment. Sec. 9-106. The same section defines general intangibles as "[a]ny personal property (including things in action) other than ... accounts...." General intangibles are a residual category, designed to cover "contractual rights and other personal property which are used or may become customarily used as commercial security." U.C.C. Official Comment. Sec. 9-106.
 
 
 10
 Lazovich's reliance on Durable Developers is misplaced. In Durable Developers, the Nevada Supreme Court held that an assignment of the proceeds of two framing contracts to a law firm as payment for indebtedness had priority over a statutory garnishment on the theory that the assignment transferred a single account subject to the Sec. 9104(6) exception. The Durable Developers court did not purport to settle the classification question at issue here.
 
 
 11
 The district court correctly concluded that the assigned claim is properly classified as a general intangible under the Code. This chose in action was not an account. See Gill v. United States (In re Boogie Enterprises, Inc.), 866 F.2d 1172, 1174 (9th Cir.1989) (settlement proceeds are a "general intangible" under an identical provision of the California Code).
 
 IV
 
 12
 The priority conflict in the instant case was properly resolved with recourse to Article 9. Transportation's perfected lien has priority over Lazovich's prior, unperfected one.
 
 AFFIRMED
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or used by the courts of this circuit except as provided by Ninth Circuit Rule 36-3